El Paso County - 210th 009th Court Doc#1-17   Filed 05/03/21   Entered 05/03/21 19:21:25   Exhibit Tab 5/14/2020 1:05 PM
Page 5 of 5
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0914

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC SUHAIL BAWA AND SALEEM MAKANI, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | COUNTY COURT AT LAW #6 |
| THE GATEWAY VENTURES, LLC PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, AND BANKIM BHATT, | § § § § § § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**ORIGINAL ANSWER OF BANKIM BHATT, M.D**.

1.  Defendant BANKIM BHATT, M.D., files this, his Original Answer in response to the Plaintiffs' Original Petition and would show the Court as follows:

**GENERAL DENIAL**

2.  Pursuant to his rights under Texas Rule of Civil Procedure 92, Dr. BHATT generally denies all material allegations made in the Petition of Plaintiffs WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI ("PLAINTIFFS"), subject to and without waiving his right to raise further and more specific denials and defenses.

**DEFENSES**

3.  Without limiting the foregoing General Denial in any way, Dr. BHATT also avers these additional defensive matters:

    a.  Dr. BHATT had no duty to the Plaintiffs under contract, warranty or similar theory because he was never a party to any such agreement with the Plaintiffs, and was otherwise not in privity with any Plaintiff as to these allegations;

    b.  Neither did Dr. BHATT solicit, accept, obtain or otherwise receive any money, funds, deposit, or other thing of value at any time from the Plaintiffs;

1

      c.    Furthermore, Dr. BHATT never obtained or derived any "finders fee", bonus, incentive payment or any other similar pecuniary benefit from or at the expense of any of the Plaintiffs.

4.    Dr. BHATT further denies that any act or omission of his was a proximate or producing cause of Plaintiffs' alleged harm; but rather the sole cause of any harm or damages claimed by Plaintiffs is the result of their own affirmative choices, their own omissions, their own judgment and decision-making in entering into certain commercial transactions of their own choosing.

5.    Dr. BHATT specifically denies that he failed to disclose any fact material to any of the Plaintiffs' transactions, and denies he made any fraudulent statement or representation or engaged in any other similarly culpable conduct as to the matters raised in Plaintiffs' allegations.

6.    In addition, Dr. BHATT denies liability for any of Plaintiffs' claims that would give rise to the recovery of any compensatory or exemplary damages, attorney's fees, costs or other recovery.

## AFFIRMATIVE DEFENSES

In the alternative and without waiving any of the foregoing, Defendants makes the following averments.

7.    The Plaintiffs claims are barred by operation of the Statute of Frauds

8.    In the unlikely event that Plaintiffs establish they were actually damaged by the incidents and events alleged in the Petition, and in the even less likely event that Plaintiff's damages did not accrue solely from their own conduct, acts, and omissions, then certain other persons or entities may have been a proximate or producing cause of the Plaintiffs damages, if any. Therefore, no cause of action or damages asserted by Plaintiffs were caused by this Defendant. This averment

extends to the possibility of such effect by other parties to the suit, as well as persons or entities not currently joined in this matter.

9. To the extent that any of the Plaintiffs, any Party, settling persons, and/or responsible third parties are liable and that such conduct was a proximate cause or contributing cause of the occurrence and any damages alleged, Defendant BHATT hereby invokes the doctrine of comparative fault under applicable law, and requests a determination of percentage of responsibility among such entities whose contributory conduct must be submitted to the jury for determination. Dr. BHATT pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code or other applicable law.

10. As to Plaintiffs vague and unsubstantiated claims for "exemplary damages", Dr. BHATT further raises all applicable defenses of substantive and procedural due process under the Texas & United States Constitutions, and all limitations or caps on such damages based on such constitutional limitations and under the provisions of all applicable statutes, including Chapter 41 of the Texas Civil Practices & Remedies Code.

11. Furthermore, There is no factual or legal basis to assert punitive or exemplary damages against Dr. BHATT and, therefore, the assertion of such damages or the attempt discuss factors pertaining to such matters before any jury or to proffer evidence of such factors relating to punitive or penal effects violates Dr. Bhatt's rights to a fair jury trial under the Texas Constitution and under the Seventh Amendment of the United States Constitution, and other protections, including all due process provisions. The threat or imposition of punitive or exemplary damages against Dr. BHATT in the present case violates his rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well.

12. Defendant BHATT further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

13. Defendant BHATT, also avers that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if pleaded and found must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Ann. § 18.091(a).

14. Defendant BHATT reserves the right to assert such other defenses to which he may be entitled, pursuant to his right to amend or supplement this Answer per the Texas Rules of Civil Procedure.

## JURY DEMAND

15. Defendant BHATT demands a trial by jury of 12 as to all issues triable by jury as a matter of right.

## REQUESTS FOR DISCLOSURE

16. Pursuant to Texas Rule of Civil Procedure 194, each Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Defendant BANKIM BHATT, M.D., prays for judgment in his favor and that he recover all costs, fees, expenses and such other and further relief to which he may be entitled at law or in equity.

                                Respectfully submitted,

                                **RAY | PENA | McCHRISTIAN, P.C.**
5822 Cromo Dr.
El Paso, Texas 79922
(817) 832 7200- Phone
(817) 832-7333- Fax
jray@raylaw.com
jlucky@raylaw.com

May 1, 2020                        /s/ Jeff Ray
                                     **JEFF RAY**
State Bar No. 16604400
**JEFFREY THOMAS LUCKY**
State Bar No. 12667350

*Attorneys for Defendant Bankim Bhatt, M.DS.*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2020, a true and correct copy of this document was served via electronically to all counsel of record, in compliance with Texas Rules of Civil Procedure.

                                          */s/ Jeffrey Thomas Lucky*
                                          **JEFFREY THOMAS LUCKY**