El Paso County - County Court at Law 6        Filed 6/10/2020 8:05 AM
21-03008-hcm Doc#1-22 Filed 05/03/21 Entered 05/03/21 19:21:25 Exhibit Tab 10 Pg
11
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0914

## AFFIDAVIT OF SERVICE

**State of Texas**          **County of El Paso**          **County At Law 6 Court**

Case Number: 2020DCV0914

Plaintiff:
**WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI**

vs.

Defendant:
**THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, AND BANKIM BHATT**

For:
Eric C. Wood
8111 Preston Road
Suite 300
Dallas, TX 75225

Received by On Time Process Service on the 1st day of June, 2020 at 9:39 am to be served on **Chicago Title c/o John Cominos, 13737 Noel Rd., Suite 100, Dallas, TX 75240**.

I, Michael Brady, being duly sworn, depose and say that on the **2nd day of June, 2020** at **1:20 pm, I:**

Executed service by hand delivering a true copy of the **Subpoena For Production Of Documents With Exhibit A and $1.00 Witness Fee Attached**, to: **Connie Evans personally** as **Authorized Person** at the address of: **13737 Noel Rd., Suite 100, Dallas, TX 75240**, who is authorized to accept service for **Chicago Title**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 2nd day of June, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

Michael Brady
PSC 1363 Expires 3/31/2022

On Time Process Service
1700 Pacific Ave
Suite 1040
Dallas, TX 75201
(214) 740-9999

Our Job Serial Number: ONT-2020002335
Ref: Saleem Makani/Dixon

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k



# THE STATE OF TEXAS

TO: ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE SUBPOENAS AS PROVIDED BY RULE 176.5 OF THE TEXAS RULES OF CIVIL PROCEDURE

## SUBPOENA FOR PRODUCTION OF DOCUMENTS

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI, | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § § | |
| v. | § § | |
| THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, AND BANKIM BHATT, | § § § § § § | AT LAW NO. 6 |
| Defendants. | § | EL PASO COUNTY, TEXAS |

You are hereby commanded to summon the following witness:

**Chicago Title**
c/o John Cominos
13737 Noel Rd., Suite 100
Dallas, Texas 75240



to produce and permit inspection and copying of documents or tangible things to be used as evidence in this case on or before **Monday, June 22, 2020 at 5:00 p.m.**, at the offices of **Brown Fox PLLC, 8111 Preston Rd., Suite 300, Dallas, Texas 75225** (or at another convenient time and location only by mutual agreement).

Pursuant to Rule 176.6(c) of the Texas Rules of Civil Procedure, Chicago Title is commanded to bring and produce for inspection and copying the documents or tangible things set forth in the attached Exhibit "A."

This subpoena is issued at the instance of Plaintiffs Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, who are represented by Eric C. Wood, Brown Fox PLLC, 8111 Preston Rd., Suite 300, Dallas, Texas 75225, telephone number (214) 327-5000.

**Texas Rule of Civil Procedure, Rule 176.8, "Enforcement of Subpoena."** (a) *Contempt*. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

---

**SUBPOENA FOR PRODUCTION OF DOCUMENTS**　　　　　　　　　　　　　　　　　　　**PAGE 1**

DO NOT FAIL to return this writ to the County Court at Law No. 6 of El Paso County, Texas with either the attached officer's return showing the manner of execution or the witness' signed memorandum showing that the witness accepted the subpoena.

ISSUED on June 1, 2020 by:

Plaintiffs Westar Investors Group, LLC, Suhail Bawa and Saleem Makani
Through Their Attorney of Record:

BROWN FOX PLLC

By: _____
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI



AFFIDAVIT ATTACHED

RETURN OF SERVICE OF SUBPOENA

Came to hand the _____ day of _____, 2020, at _____ o'clock \_\_\_.m. and executed by delivering a copy of this Subpoena to the within-named witness, _____, at _____, on the _____ day of _____, 2020, at _____ o'clock \_\_\_.m.

*AFFIDAVIT ATTACHED*

By: Deputy _____
Sheriff/Constable, Dallas County, Texas.

By: _____
Person who is not a party and is 18 years of age.

ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS UNDER THE TEXAS RULES OF CIVIL PROCEDURE, RULE 176.

I accept service of this subpoena.

By: _____
Witness

_____
Date

# EXHIBIT "A"

A) **Definitions.**

1. As used herein, the terms "you," "yourself," or "Chicago Title" refer to Chicago Title, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

2. As used herein, the term "Gateway" refers to The Gateway Ventures, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

3. As used herein, the term "PDG" refers to PDG Prestige, Inc., and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

4. As used herein, the term "Dixson" refers to Michael Dixson, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

5. As used herein, the term "Kumar" refers to Suresh Kumar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

6. As used herein, the term "Bhatt" refers to Bankim Bhatt, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

7. As used herein, the term "Plaintiffs" refers to Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, and their officers, directors, members, partners, employees,

attorneys, representatives, and any other person acting or purporting to act on their behalf or subject to their control.

8. As used herein, the terms "Westar" refers to Westar Investors Group, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

9. As used herein, the term "Bawa" refers to Suhail Bawa, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

10. As used herein, the term "Makani" refers to Saleem Makani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

11. As used herein, the term "Nayyar" refers to Ashish Nayyar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

12. As used herein, the term "Noorani" refers to Rahim Noorani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

13. As used herein, the term the "Property" refers to the approximately 20 acres of real property located at 6767 Gateway Blvd., El Paso, Texas 79925, in whole or in part.

14. As used herein, the term "Lawsuit" means Cause No. 2020DCV0914, styled *Westar Investors Group, LLC, et. al. v. The Gateway Ventures, LLC, et. al.*, currently pending in the County Court at Law No. 6 El Paso County, Texas.

15. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, firm, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, board, commission, bureau, department or other such entity.

16. As used herein, the term "date," or any word relating to a date, means the exact day, month and year, if ascertainable, or, if not ascertainable, the best available approximation thereof (including, if necessary, a relationship to other events).

17. As used herein, the term "document" is used in its broadest sense and includes, without limitation, all original written, recorded, or graphic matter whatsoever which is now, was at any time in the past, or may hereafter be in Defendant's possession or in or subject to Defendant's custody or control, including any copies of any of the foregoing with any marks, notations, or comments thereon, as well as all non-identical copies and/or drafts thereof, including, without limitation, any writings of any kind or character (whether in long hand, typed or otherwise machine, mechanically or photographically reproduced), any papers, books, pamphlets, periodicals, records, letters, photographs, videotapes, tangible things, correspondence, communications, telegrams, cables, telexes, messages, memoranda (including any memorandum or report of a meeting or conversation), notes, notations, drafts, workpapers, indexes, lists, tapes, transcripts, minutes, reports, recordings of telephone conversations, conferences or other meetings; summaries, notes or memoranda of meetings, conferences or telephone calls; affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, drawings, plans, blueprints, shop drawings, graphs, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, press releases, publications, schedules, price lists, invoices,

purchase orders, bills, receipts, checks (front and back), check stubs, deposit slips, wire transfer orders and receipts, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing programs, data processing input and output, microfilm, microfiche, ledgers of any kind, statements and books of account, financial reports and budgets; all records kept by electronic, photographic or mechanical means; any notes or non-identical drafts relating to the foregoing, and any other papers or writings of any kind, including, but not limited to, any information contained in any computer or other information retrieval system or device. In all cases where originals are not available, "document" also means identical copies of original documents.

18. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by document, face-to-face, by telephone, mail, personal delivery, or otherwise.

19. As used herein, the phrases "relate(s) to" or "relating to" mean consist of, refer to, pertain to, evidence, support, reflect, constitute or be in any way logically or factually connected with the matter discussed.

20. As used herein, the term "factual basis" means facts, persons having knowledge or relevant facts, documents and opinions of expert witnesses.

21. As used herein, the terms "identify," "identification," or "identity" mean, when used in reference to:

    (a)    person: the person's name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity, the laws or governmental authority under which it is organized and existing, and the address of its principal place of business;

      (b)    document: the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under 196 of the Texas Rules of Civil Procedure;

      (c)    communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who received the communication, and of each person present when it was made, and the subject matter discussed;

      (d)    meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

22. All other terms herein are to be given their regular dictionary meaning.

**B)  Instructions.**

1. Unless otherwise stated, the applicable time frame for all requests is June 1, 2017 to the present.

2. If any document which otherwise falls within the scope of this request is not produced by you, you are hereby requested to list the document(s) not produced and, for each such document, to state:

    A.    the reasons for withholding each such document;
    B.    the identity of the author(s) or preparer(s) of each such document;
    C.    the identity of the sender(s) of each such document;
    D.    the identity(ies) of the person(s) to whom the original and any copies of each such document were sent;
    E.    a brief description of the nature and subject matter of each such document;
    F.    the date of each such document; and
    G.    the present location of each such document and the name, telephone number, and address of the current custodian.

3. You are hereby requested to produce the documents described below as they are kept in the usual course of business or organized and labeled to correspond with the categories of this Request.

4. To the extent that any or all computer programs or other documents are available only on disks, drums, central computer memory, or other storage means which can be physically attached to a computer, such computer programs and other documents are required to be produced either in printed or machine readable form.

5. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or are found in a file drawer, file box or other place, before the same is produced, attached thereto a copy of the label, number or title of the file drawer, file box or other place from which the document or file was found or removed.

6. No communication, document or file requested should be altered, changed or modified in any respect. No communication, document or file requested should be disposed of or destroyed. You should take appropriate steps to protect all communications, documents and files from being misplaced or destroyed pursuant to any record retention or destruction policy or otherwise.

7. This Request seeks answers current to the date of response, and further shall be deemed to be continuing under the Texas Rules of Civil Procedure so that any additional information relating in any way to this Request which you acquire or which becomes known to you up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

C) **Documents to be produced.**

1. All communications between you and Gateway, PDG or Dixson referring or relating to the Property.

2. All communications between you and Westar, Bawa or Makani referring or relating to the Property.

3. All communications between you and Kumar or Bhatt referring or relating to the Property.

4. All communications between you and Nayyar or Noorani referring or relating to the Property.

5. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between you and Gateway, PDG or Dixson referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

6. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between you and Westar, Bawa or Makani referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

7. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between you and Kumar or Bhatt referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

8. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between you and Nayyar or Noorani referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

9. All documents identifying, evidencing, or relating to any person or entity who owns, leases, or possesses any interest in any part of the Property.

10. All documents identifying, evidencing, or relating to any purchase, acquisition, or sale of any part of the Property, including but not limited to any contracts for sale, special warranty deeds and closing statements.

11. All documents identifying, evidencing, or relating to any purchase, acquisition, or sale of any real property by Gateway, PDG, or Dixson or anyone affiliated with Gateway, PDG, or Dixson, including but not limited to any contracts for sale, special warranty deeds and closing statements.