El Paso County - 210th Court Doc# 1-24  Filed 05/03/21  Entered 05/03/21 19:21:25  Exhibit Tab 22 Pg 1 of 13

Filed 6/22/2020 12:27 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0914

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC | § | IN THE DISTRICT COURT |
| SUHAIL BAWA AND SALEEM MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | COUNTY COURT AT LAW #6 |
| | § | |
| THE GATEWAY VENTURES, LLC | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, AND | § | |
| BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**DEFENDANT BANKIM BHATT'S MOTION TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 91a**

Defendant Bankim Bhatt, M.D. ("Dr. Bhatt" or "Movant") files this, his Motion to Dismiss All Causes of Action of Plaintiffs as stated against him in their Original Petition ("the Pleading") pursuant to Texas Rule of Civil Procedure 91a and would respectfully show this honorable Court as follows:

**SUMMARY OF PLEADING AT ISSUE**

1.  The Plaintiffs make claims against various parties arising from a series of alleged transactions in late 2018 regarding their attempt to acquire and commercially development certain real property located in El Paso County. *See, generally*, the Pleading ("Summary of Facts" at paragraphs 12-38).

***The Parties***

2.  The three Plaintiffs are two natural persons – Suhail Bawa and Saleem Makani, and a limited liability company known as Westar Investors Group, LLC ("Westar") in which they purportedly own substantial interest, along with Defendant Suresh Kumar (see paragraphs 15 & 24 of the Pleading).

3. In addition to Dr. Bhatt, the remaining four Defendants are two business entities (Gateway Ventures, LLC and PDG Prestige, Inc.), and two individuals – Michael Dixson and Mr. Kumar. Plaintiffs allege that both Gateway and PDG are "wholly owned and managed by Dixson." (*See* paragraph 17 of the Pleading); however, Plaintiffs make no allegation that Dr. Bhatt owns or controls any interest in either Gateway or PDF. (*See, id.*, and Plaintiffs' Factual Summary of the Pleading, generally.)

### *The Factual Contentions of Plaintiffs*

4. The Pleading focuses on a single transaction, which is the sole basis of all claims asserted by Plaintiffs—their attempt to purchase a commercial real estate parcel from the Dixson Defendants (Dixson, Gateway and PDG). (*See* the Pleading at paragraphs 17 to 23). Specifically, Westar alleges it contracted to buy a 2.3-acre parcel (approximately) of land in a "Subscription Agreement" with Gateway and PDG as sellers. (*See* paragraph 18, and Plaintiffs' Factual Summary, generally).

5. There is no allegation in the Pleading that Dr. Bhatt ever owned or controlled the real property in question nor is there any claim Dr. Bhatt was ever a party to the Subscription Agreement that gives rise to Plaintiffs' various claims. (*Id.* at paragraphs 17-23 and s*ee* the Pleading, generally)

6. The Pleading concedes that the two Plaintiffs and Defendant Kumar were the only members of Westar (see paragraph 16 of the Pleading); and it is undisputed that Dr. Bhatt did not own any interest in Westar at any time relevant to the Plaintiffs' causes of action at any time. (*Id.*)

7. Plaintiffs formed Westar to acquire a parcel of commercial land in order to develop a Marriott Element Hotel franchise on the location. (*See* paragraphs 12-20, & 32 of the Pleading.) Plaintiffs'' suit is based on their contention that the Dixson defendants (Dixson, Gateway and

2

PDG) entered a binding contract to transfer the land to Westar but then breached the Subscription Agreement by failing to close the sale. (Id. at 19-23, & 32). Plaintiffs allege that this breach by Gateway & PDG make them "entitled to a refund" of their purchase price. *(Id.* at paragraph 36). This refund of purchase price appears to be the only identified measure of damages in the Pleading; however, in context, this refund is not the preferred remedy, as Plaintiffs first state they "stand ready and willing to close on the Element Hotel parcel." (*Id.* at paragraph 35). Notably, Plaintiffs raise no factual allegations against Dr. Bhatt in regard to the land sale events, and it is undisputed he was not a party to the land sale transaction that forms the entire basis of Plaintiffs' various claims.

8. Plaintiffs also make allegations against Mr. Kumar and the Dixson defendants regarding a dispute about a mis-allocation of funds paid by Kumar to the sellers, which allegedly interfered with closing. (*Id*. at 25-33). Again, Plaintiffs raise no factual allegation or contention against Dr. Bhatt in regard to the delayed land sale or as to the Kumar funding allocation dispute. (*Id*.) Furthermore, it is undisputed Dr. Bhatt was not a member of Westar, the vehicle created by Bawa, Makani, and Kumar to accomplish the transaction. (See paragraph 16 of the Pleading, and the Factual Summary generally.)

### *The Plaintiffs' Causes of Action*

9. Plaintiffs allege five causes of action, all of which arise from the alleged failure of the Dixson Defendants to convey the property per the terms of a Subscription Agreement, or that involve claims against Kumar based on his duties as a member of Westar. (*See* the Pleading at paragraphs 39 – 55.)

10. Four of the five causes of action state no claims against Dr. Bhatt, as follows:

3

    a. **Breach of Contract"** against Gateway and PDG only (*See* paragraphs 39-42 (Part VI));

    b. **"**against Gateway and PDG only (*See* paragraphs 43-46 (Part VII.);

    c. Seeking a **Declaratory Judgment** on the Subscription Agreement – a contract to which Dr. Batt was not a party. (*See* paragraphs 16-17, & 47-49 at Part VIII; and

    d. "**Breach of Fiduciary Duty**" against Mr. Kumar only, based on his status as "member of Westar." (*See* paragraphs 53-55 of the Pleading.)

11.    The sole cause of action naming Dr. Bhatt (along with all other Defendants) is alleged "**Statutory Fraud**" (*See* paragraphs 50-52 (Part IX) of the Pleading). Like all of the other causes of action, this claim is based on the underlying real estate contract. Here the Plaintiffs allege broadly and in the aggregate that "Defendants made false promises or representations of fact to Plaintiffs with regard to an agreement to purchase, acquire or transfer an interest in real estate." (*Id*. at paragraph 51.) This is followed by a broad, non-specific assertion that "Plaintiffs relied on "Defendants' false promises or representations" by entering into the "Agreement to purchase…the real estate." (Id.). This count and the underling factual allegations never specify any of the following elemental terms:

    a. What, if any, alleged representations or promises of Dr. Bhatt were false;

    b. Nor does it allege any specific intent on the part of Dr. Bhatt that Plaintiffs would rely on such communications or any intent by Dr. Bhatt to induce the land sale transaction in which he was never a party;

    c. Neither does the Pleading ever state how any alleged promise by Dr. Bhatt was material to the transaction and or that such promise was made with any intention not to perform;

4

  **d.** Nor is it alleged that Bhatt intended for Plaintiffs to rely on such promise and o how any alleged false promise was material to the transaction or caused them to enter into it; and

  **e.** There is no allegation of how or in what way Plaintiffs incurred any detriment or specific damage arising from the alleged conduct of Dr. Bhatt.

12. Apart from the bald pleading of "Statutory Fraud" against all Defendants in the aggregate at Part IX (which avers no specifics as to Dr. Bhatt), the only factual averments about Dr. Bhatt are found at paragraphs 12 - 16, 24 and 38 of the Factual Summary. And, while Dr. Bhatt has expressly denied of any averments of alleged misconduct in his Answer, the Plaintiffs' claims, *even if taken as true and together with the inferences reasonably drawn from them,* provide no basis in fact or in law that would entitle Plaintiffs to the relief they seek against Dr. Bhatt.

13. The Pleading also makes claims against all Defendants (including Dr. Bhatt) for recovery of attorney's fees (at paragraphs 56-57); and for imposition of exemplary damages (at paragraphs 58-59), however such recovery is entirely dependent on a predicate basis for liability against Dr. Bhatt for the purported "statutory fraud" and, therefore, such ancillary claims have no basis in fact or law to support them either.

14. Finally, it must be noted that the Pleading explicitly complains of the Dixson defendants failure to close the land sale as the fundamental harm arising from the facts, and then avers that Plaintiffs "stand ready and willing to close on the Element Hotel Parcel at the location." *See* paragraph 35 of the Pleading, which forms the basis of Plaintiffs' cause of action for declaratory relief (*See* Part VIII of the Pleading) against contracting parties. In that claim, Plaintiffs ask to the Court to render judgment that Plaintiffs have fully complied with the requirements of the Subscription Agreement (*See* paragraph 48-49) and then plead for "specific performance" and

5

"declaratory relief" in the Prayer, i.e. seeking to enforce the Subscription Agreement in question. (*Id.* and *see* Part XV of the Pleading)

15. The Plaintiffs' plea for Declaratory Judgment seeks to enforce the Subscription Agreement by forcing the Dixson defendants to convey the land parcel to Plaintiffs. This clearly establishes that absence of any damages accruing from any purported misconduct of Bhatt for "inducing" Plaintiffs to enter into the land contract, and that entirely vitiates elements of the statutory fraud claim against Dr. Bhatt.

## MOTION TO DISMISS

16. Based on the foregoing and pursuant to Texas Rule of Civil Procedure 91a, Dr. Bhatt moves to dismiss each and every cause of action raised against him in the Pleading, including the following:

   a. "*Statutory Fraud* (Tex. Bus &Com. Code Section 27.01)" (*See* Part IX of the Pleading);

   b. "*Attorney's Fees*" claims (*See* Part XI of the Pleading);

   c. "*Exemplary Damages*" (*See* Part XII of the Pleading); and

   d. Any other causes of action or claims inferable from the Pleading.

   e. Movant seeks attorney's fees and costs and all other relief allowed under Rule 91a.

## ARGUMENT & AUTHORITIES

### Dismissal Standard Per Rule 91a

17. A party may move to dismiss a cause of action "on the grounds that it has no basis in law or fact." *Darnell v. Rogers*, 588 S.W.3d 295, 302–03 (Tex.App.—El Paso 2019, *no pet.*) (*citing* TEX.R.CIV.P. 91a.). The motion "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id. (citing* Rule 91a.2). The trial court may not hear evidence on the motion, but must decide

6

it "based solely on the pleading of the cause of action." *Id.* (citing Rule 91a.6 and AC *Interests, L.P. v. Texas Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018); *see ConocoPhillips Co. v. Koopmann,* 547 S.W.3d 858, 880 (Tex. 2018) (stating, "a motion to dismiss is decided on the *plaintiff's* pleadings" (emphasis in original)); *City of Dallas v. Sanchez,* 494 S.W.3d 722, 724 (Tex. 2016) (stating whether Rule 91a's dismissal standard is met depends exclusively on the pleading of the cause of action). *See also Bedford Internet Office Space,* 537 S.W.3d at 720 (rule's plain language requires trial court to "wear blinders" to any pleadings except the pleading of the cause of action; finding trial court erred by dismissing suit under Rule 91a motion asserting affirmative defense of limitations).

## No Basis in Law

18. A cause of action has no basis in law when the plaintiffs the pleadings—though taken as true and considered with all reasonable inferences to be drawn-- do not entitle the plaintiff to the relief sought. Tex.R.Civ.P. 91a.1; and *see Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex.App.—Houston [1st Dist.] 2016, no pet.). The Stallworth court observed that a petition may be legally insufficient when 1) it alleges too few facts to demonstrate a legally cognizable claim, or 2) when it alleges facts that if true would bar the plaintiff's recovery.

19. Here, both alternatives apply and dictate that Plaintiffs' claims against Dr. Bhatt should be dismissed. The Pleading fails to allege sufficient facts to support the required elements of Statutory Fraud and as to any derivative claims for attorney's fees or exemplary damages. *See* review of the Pleading, above, and arguments and authorities, below. In addition, Plaintiffs' own affirmative pleading about they "stand ready and willing" to close the transaction even now, makes it clear that nothing said or done by Dr. Bhatt to allegedly induce the land contract agreement was actually

7

detrimental to the Plaintiffs, or they would not be seeking to enforce the contract. This fact alone creates a clear factual basis to dismiss the claims by Plaintiffs.

## The Required Elements of Statutory Fraud

20. The Texas Business & Commerce Code specifies all elements necessary to prove a claim for statutory fraud, beginning with the predicate that actionable conduct under the statute must relate to a "transaction involving real estate or stock." See Sec. 27.01(a). The statute then lists the remaining necessary elements as

"(1) <u>false representation of a past or existing **material fact**</u>, when the false representation is
  (A) <u>made to a person for the purpose of inducing that person to enter into a contract</u>; and
    (B) <u>relied on by that person</u> in entering into that contract; or
 (2) <u>false promise to do an act</u>, when the false promise is
  (A) <u>material</u>;
  (B) <u>made with the intention of not fulfilling</u> it;
  (C) <u>made to a person for the purpose of inducing</u> that person to enter into a contract; and
  (D) <u>relied on by that person in entering into that contract</u>."

TEX.BUS. & COMM. CODE § 27.01. [emphasis supplied].

## The Pleading Fails to Establish Required Elements under Section 27.01

21. First, the predicate requirement that allegedly actionable conduct must "relate to a transaction involving real estate" is not established by the Pleading as to Dr. Bhatt. In fact, the Pleading establishes the contrary proposition, i.e., that Dr. Bhatt was not a party to the Subscription Agreement, nor was he a member of Westar. The only purported representations and promises attributed specifically to Dr. Bhatt relate only to the availability of a Marriott Element franchise for the project. (*See* paragraph 13 of the Pleading.) Such a representation or promise is not sufficient, under these facts, to allow application of the statutory remedy to Dr. Bhatt.

8

22. Assuming, *arguendo*, that the statute applies, other necessary elements of the claim are missing from the Pleading and the claim must fail on those grounds. These legally fatal omissions include the following:

**a.** The Pleading fails to identify how or even if any alleged representation or promise attributed to Dr. Bhatt may be material to Plaintiffs claim they were fraudulently induced in to making their land sale contract with the Dixson defendants. (*See, e.g.,* paragraphs 12-17 of the Pleading.) Plaintiffs' allegations provide no basis or even an allegation that any communications about a specific hotel franchise would be material to the claims laid out in this Pleading, and there is no reasonable inference to drawn as to why or how such a statement is material.. This is also the case for other various alleged representations (attributed to "Kumar and Bhatt") relating to the identity of the developer, the parcel size and other items. (*Id.*).

**b.** The Pleading fails to identify any representation or material promise that was purportedly false at the time of its alleged making by Dr. Bhatt. For example, the only specific representation or promise attributed to Dr. Bhatt (the identity of the hotel franchise entity -Marriott Element) appears to have been true based on the Plaintiffs own Pleading at paragraph 35, which states:

> *"Plaintiffs stand ready and willing to close on the Element Hotel Parcel at the location reflected on the site plan attached as Exhibit A to the Agreement."*

Clearly, the identity and the availability of the particular hotel franchisor at the time of closing and at the time of the filing of the Pleading are consistent with the alleged promise or representation attributed to Dr. Bhatt at paragraph 13 of the Pleading. Nor is there any allegation or reasonable inference that other purported statements by Dr. Bhatt were false at any relevant time or that he had knowledge of such alleged falsity.

9

**c.** Furthermore, Plaintiffs' fail to allege any purpose or intention on the part of Dr. Bhatt that Plaintiffs' rely on those statements, and;

**d.** There is no sufficient allegation or inference that Dr. Bhatt had a purpose to induce the transaction;

**e.** There are no allegations of damages or detriment incurred by Plaintiffs due to any such communications by Dr. Bhatt to purportedly induce them to enter the Agreement, which they still seek to enforce today; and

**f.** Furthermore, the Pleading never alleges that Dr. Bhatt, failed to disclose any material fact with the purpose or intent that Plaintiffs rely or that induced them to enter the land sale agreement, which they still seek to enforce; and

**g.** Finally, the Pleading makes no averment about any general or specific damages incurred by the Plaintiffs that could reasonably be attributable to the vague allegations of misconduct against Dr. Bhatt in this Pleading.

### There is no basis in law for the Statutory Fraud Claim

23. The Statutory Fraud cause of action should be dismissed because there is no basis in law for the reasons listed above. *See, e.g.*, *Devoll v. Demonbreun*, 2014 WL 7440314 (Tex.App.—San Antonio)(upholding trial court dismissal of common law fraud claims per Rule 91a because failure to allege reliance and resulting damages created "no basis in law.")

### Derivative Claims for Fees, Exemplary Damages Fail

24. The failure of the underlying cause of action for Statutory Fraud must, necessarily, defeat the derivative or dependent claims by Plaintiffs for both Attorney's Fees and Exemplary Damages, which if they were to be awarded would require a liability finding on the fraud claim.

10

**Plaintiffs' Claims Against Dr. Bhatt Have No Basis In Fact**

25. Furthermore the Plaintiffs allegations against Dr. Bhatt have no supportable basis in fact where it is averred by Plaintiffs, or otherwise indisputable that Dr. Bhatt was not a member of Westar, not a party to the Subscription Agreement or otherwise involved in or controlling the land sale contract that forms the essential factual basis of Plaintiffs' complaints against him. According to Plaintiffs own factual summary in the Pleading the no reasonable person could believe that Dr. Bhatt had any actionable role in the failures of other parties (i.e., the actual property sellers) that form the sole basis in fact for a claim of statutory fraud in a real estate transaction.

26. Furthermore, the Plaintiffs' own averment that they stand ready and willing to close the land sale in question, and their declaratory judgment action negate any factual possibility that a representation or promise by Dr. Bhatt (even if false) induced the Plaintiffs in to a transaction that was detrimental to them or by which they suffered any consequential damages, which are not specifically alleged in the Pleading – other than to claim a return of purchase price if the sale is never completed.

27. Plaintiffs' claims for a declaratory judgment to enforce the Subscription Agreement belie all of their claims against Dr. Bhatt. Their Declaratory Judgment plea would force he Dixson defendants to convey the land parcel to Plaintiffs on the existing terms. This clearly establishes that absence of any damages accruing from any purported misconduct of Bhatt for "inducing" Plaintiffs to enter into the land contract, and that entirely vitiates both the reliance and damages elements of the statutory fraud claim against Dr. Bhatt.

28. "Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact." *Aguilar v. Morales*, 545 S.W.3d 670, 676 (Tex. App.—El Paso 2017, pet. denied) "A cause of action has no basis in fact if

11

no reasonable person could believe the facts pleaded." *Darnell*, 588 S.W.3d at 302–03. As set forth above, Plaintiffs' Pleading has no basis in fact as no reasonable person could believe the facts pleaded as to Dr. Bhatt.

### Other Causes of Action

29. Movant does not believe any other causes of action against it are discernable from the Pleading, In the alternative, however, Movant Dr. Bhatt seeks dismissal on any other cause of action that be inferable from the Pleading on the same grounds as alleged above.

30. This Motion is timely because it is filed within 60 days after the first pleading containing the challenged causes of action were served on Defendant Dr. Bhatt.

### REQUEST FOR HEARING

31. Movant hereby requests that this Motion be set for hearing no sooner than 21 days after date of filing, and then considered and ruled upon no later than 45 days after its filing. *See* Tex.R.Civ.P. 91a.3.

### CLAIM FOR ATTORNEY'S FEES & COSTS

32. Movant hereby asks for an award of all taxable costs, and all reasonable and necessary attorney's fees as the prevailing party pursuant to Texas Rules of Civil Procedure 91a.7, and asserts its claim to such fees in an amount of not less than $8,500.00 through the time of hearing, in addition to any and all additional amounts of reasonable and necessary fees arising from any subsequent post-hearing work, and all subsequent appellate work related to the Motion and its ultimate disposition.

33. Movant hereby reserves its right to offer evidence of his recoverable costs and attorney's fees at the time of any future hearing.

**WHEREFORE, PREMISES CONSIDERED**, MOVANT BANKIM BHATT, M.D. prays that this Court set a hearing in accordance with the requirements of Rule 91a, and upon due notice to all parties, that the upon consideration of the pleadings, motion and any response or reply that the Court enter a timely order dismissing all claims against Dr. Bhatt, pursuant to the requirements of Rule 91a, and that such Order award Movant Dr. Bhatt all his costs, and reasonable and necessary attorney's fees and other relief to which he may be justly entitled at law or in equity.

                Respectfully submitted,

                **RAY | PENA | McCHRISTIAN, P.C.**
                5822 Cromo Dr.
                El Paso, Texas 79922
                (817) 832 7200- Phone
                (817) 832-7333- Fax
                jray@raylaw.com
                jlucky@raylaw.com

June 8, 2020        By:      */s/ Jeff Ray*
                **JEFF RAY**
                State Bar No. 16604400
                **JEFFREY THOMAS LUCKY**
                State Bar No. 12667350

                *Attorneys for Defendant Bakim Bhatt, M.DS.*

**CERTIFICATE OF SERVICE**

    In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on June 8, 2020, a true and correct copy of the foregoing document is served on the party(ies) or attorney(s) of record electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

                */s/ Jeffrey T. Lucky*
                **JEFFREY THOMAS LUCKY**