CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC<br>SUHAIL BAWA AND SALEEM MAKANI, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | |
| v. | § | COUNTY COURT AT LAW #6 |
| | § | |
| THE GATEWAY VENTURES, LLC<br>PDG PRESTIGE, INC., MICHAEL<br>DIXSON, SURESH KUMAR, AND<br>BANKIM BHATT, | §<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

### DEFENDANT BANKIM BHATT'S AMENDED MOTION TO DISMISS PLAINTIFFS' CLAIM FOR STATUTORY FRAUD PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 91a

Defendant Bankim Bhatt, M.D. ("Dr. Bhatt" or "Movant") files this, his Amended Motion to Dismiss Plaintiffs' Claim for Statutory Fraud in response to Plaintiffs' First Amended Petition ("the Pleading"). This motion is filed pursuant to Texas Rule of Civil Procedure 91a. and is in response to the amended factual summary in Plaintiffs' First Amended Petition, and is done so within the time allowed by Rule 91a MOVANT reserves his right to seek further relief under Rule 91a as to the only new cause of action asserted in the Amendment, as discussed below.

### SUMMARY OF PLEADING AT ISSUE

1. The Plaintiffs make claims against various parties arising from a series of alleged transactions in late 2018 regarding their attempt to acquire and commercially developed certain real property located in El Paso County. *See, generally*, the Pleading ("Summary of Facts" at paragraphs 12-44).

#### *The Parties*

2. The three Plaintiffs are two natural persons – Suhail Bawa and Saleem Makani, and a limited liability company known as Westar Investors Group, LLC ("Westar") in which they

purportedly own substantial interest, along with Defendant Suresh Kumar (see paragraphs 16 & 22 of the Pleading).

3.  In addition to Dr. Bhatt, the remaining four Defendants are two business entities (Gateway Ventures, LLC and PDG Prestige, Inc.), and two individuals – Michael Dixson and Mr. Kumar. Plaintiffs allege that both Gateway and PDG are "wholly owned and managed by Dixson." (*See* paragraph 18 of the Pleading); however, Plaintiffs make no allegation that Dr. Bhatt owns or controls any interest in either Gateway or PDF. (*See, id.*, and Plaintiffs' Factual Summary of the Pleading, generally.)

### *Overview of Factual Contentions of Plaintiffs*

4.  The Plaintiffs claims arise from one primary transaction, which is the sole basis of all claims asserted by Plaintiffs—their unsuccessful attempt to purchase a commercial real estate parcel from the Dixson Defendants (Dixson, Gateway and PDG). (*See* the Pleading at paragraph 25-26). Specifically, Westar alleges it contracted to buy a 2.3-acre parcel (approximately) of land in a "Subscription Agreement" with Gateway and PDG as sellers. (*See* paragraph 18-19, and Plaintiffs' Factual Summary, generally).

5.  There is no allegation in the Pleading that Dr. Bhatt ever owned or controlled the real property in question nor is there any claim Dr. Bhatt was ever a party to the Subscription Agreement that gives rise to Plaintiffs' various claims. (*Id.* at paragraphs 18-19, & 24-26 and s*ee* the Pleading, generally)

6.  The Pleading concedes that the two Plaintiffs and Defendant Kumar were the only members of Westar (see paragraphs 16 & 30 of the Pleading); and no pleading shows that Dr. Bhatt held an interest in Westar at any time relevant to the Plaintiffs' causes of action. (*Id.*)

2

7. Plaintiffs formed Westar to acquire a parcel of commercial land in order to develop a Marriott Element Hotel franchise on the location. (*See* paragraph 16 of the Pleading.) Plaintiffs' suit is based on their contention that the Dixson defendants (Dixson, Gateway and PDG) entered a binding contract to transfer the land to Westar but then breached the Subscription Agreement by failing to close the sale. (Id. at paragraph 25). Plaintiffs allege that this breach by Gateway & PDG make them "entitled to a refund" of their purchase price. *(Id.* at paragraph 43). This refund of purchase price appears to be the only identified measure of damages in the Pleading; however, in context, this refund is not the preferred remedy, as Plaintiffs seek "specific performance" to force sellers to convey the land (*Id.* at paragraph 49, and in the Prayer). Notably, Plaintiffs raise no factual allegations against Dr. Bhatt in regard to the land sale events, and it is undisputed he was not a party to the land sale transaction that forms the entire basis of Plaintiffs' various claims.

8. Plaintiffs also make allegations against Mr. Kumar and the Dixson defendants regarding a dispute about a mis-allocation of funds paid by Kumar to the sellers, which allegedly interfered with closing. (*Id*. at 34-44). Again, Plaintiffs raise no factual allegation or contention against Dr. Bhatt in regard to the delayed land sale or as to the Kumar funding allocation dispute. (*Id*.) Furthermore, it is undisputed Dr. Bhatt was not a member of Westar, the vehicle created by Bawa, Makani, and Kumar to accomplish the transaction. (See paragraph 16 of the Pleading, and the Factual Summary generally.)

### *Amended Factual Contentions of Plaintiffs*

9. On July 7, 2020 Plaintiffs amended their original petition in light of this Defendant's original Motion to Dismiss filed on June 8, 2020. This section of Dr. Bhatt's Amended Motion will address factual allegations as amended by the Plaintiffs. The section below will deal with Plaintiffs amendments to their

3

legal theories as directed against Dr. Bhatt (found at Section IX (Statutory Fraud) & Xi (Conspiracy, Aiding & Abetting) of the Amended Petition).

10. Despite Plaintiffs attempt to get around Dr. Bhatt's Motion to Dismiss, there are still no factual or legal bases sufficient to support Plaintiffs' claims against Dr. Bhatt and, for the reasons delineated below, this Court should dismiss all claims against Dr. Bhatt pursuant to the requirements of Rule 91a.

### A. Plaintiffs Amended Factual Allegations Do Not Support any Viable Claim against Dr. Bhatt.

11. The Court should first note that numerous factual allegations of Plaintiffs that were pointed out in the Defendants Original Motion to Dismiss have been stripped out of the Amended Petition by Plaintiffs' counsel; however, most of these deletions wholly fail to negate or properly withdraw any of those problematic facts. In fact, the new pleading ignores or obfuscates several undisputed facts, which became inconvenient in-light of Dr. Bhatt's original Motion to Dismiss. The Plaintiffs' Amended Petition notably omits certain parts of the original fact pattern while adding new verbiage (compare, e.g. paragraphs. 16, 29 -37 in Original and Amended). Despite covering up or distracting from their own prior factual allegations, the now amended factual allegations effect few, if any, material changes in the underlying fact pattern. Thus, the bases for dismissal raised in the Defendants original motion are still un-rebutted. Moreover, the new factual allegations, although offering some additional dates and details, fail to establish any new basis sufficient to overcome this Amended Motion to Dismiss, as discussed below.

12. First, at paragraphs 12 and 13, Plaintiffs again attribute various representations to Bhatt and others during an initial meeting between some of the parties in November of 2018. However, again, there is no express or implied allegation that any of these representations, even if made by Dr. Bhatt (as opposed to others), were false at any time. Nor is there any allegation here to show materiality or intent elements required in Statutory Fraud. In fact, the only specific representation attributed to Bhatt (i.e., that Marriott Hotels had approved the site for an Element hotel franchise) is true, as established by the Plaintiffs own pleadings (see, e.g., paragraphs 23, & 28-30 of Amended Petition). Nothing in the averments of these two paragraphs creates any factual or legal basis for liability on the part of Dr. Bhatt as to actionable conduct

4

for Statutory Fraud or any other claim derived from such a theory. To the contrary, they establish the absence of such elements as to Dr. Bhatt who ultimately did not participate in the transactions in question.

13. Plaintiffs add detail to paragraph 13, alleging that in November of 2018 there was an agreement between them, Kumar, and Bhatt to a percentage of ownership shares in the <u>prospective</u> Westar venture – indicating that Bhatt would have one of three lesser ownership shares at 15%. However, this new allegation – that Bhatt would have a specific minor ownership interest in Westar—creates no factual basis that would support the existence of any legal duty to the Plaintiffs. There is, per se, no contractual duty where the final contractual terms were never agreed to, and the mere prospect of participation of business venture does not provide a basis for any known tort duty. Among other reasons, this conclusion is unavoidable in light of two undisputed facts:

    a. Dr. Bhatt never actually became a participant in the Westar deal; and

    b. Plaintiffs all proceeded with the deal even after it was apparent[1] Dr. Bhatt would not participate. (*See the Amended Pleading at paragraph 16, among others*).

Nor do these allegations raise any legal or factual basis that would support an allegation of breach or proximate cause against Dr. Bhatt under any applicable tort theory. The Westar deal in question was never a transaction involving the sale or acquisition of real estate, but it was an operating agreement for limited liability company (Westar) to acquire and operate a hotel franchise. *See Amended Petition, generally*. The separate real estate transaction was the subject of another agreement between Westar and the Dixson corporate entities. *See paragraphs 18-19 of the Amended Petition.* Nothing in the allegations at paragraphs 12 and 13 (or the rest of the amended pleading) stablish any factual nexus between the

---

[1] Nothing in the new pleading negates or challenges the undisputed fact that Plaintiffs knew Dr. Bhatt would not participate in the Westar hotel franchising deal by late 2018. In fact, their current pleading at paragraph 16 clearly shows Plaintiffs understood Dr. Bhatt would not participate in the Westar agreement as of December 12, 2018.

5

Plaintiffs, Dr. Bhatt and any real estate transaction, which is a legal threshold requirement for Statutory Fraud. See Tex.Bus.&Comm.Code Section 27.01, *et seq.*.

14. None of the other representations asserted at paragraphs 12-13 are alleged to be false or material, and the Plaintiffs' own pleadings elsewhere establish the absence of falsity as to the availability of the Marriott franchise. *See, e.g., paragraphs 23, & 28-30 of the Amended Petition.*

15. Plaintiffs' paragraph 14 restates a contention about an undisclosed "finder's fee" purportedly received by Dr. Bhatt from Dixson, which has previously been denied by Dr. Bhatt. However, even if taken as true, the averment raises no legal or factual basis to support any claim against Dr. Bhatt. This is so for at several reasons:

   a. There is no pleading to show any factual or legal basis to show a duty to disclose or other duty on the part of Dr. Bhatt;

   b. No pleading or contention establishes that the purported acceptance of such a fee breached any duty to the Plaintiffs; and

   c. The pleadings create no basis- factually or legally that any failure to disclose the purported "finder's fee" caused any of the Plaintiffs alleged harm.

16. At paragraphs 15-16, Plaintiffs allege they made a down payment on property to Dixson entities (Gateway & PDG --the only sellers of the real estate), and that they also formed the Westar entity to acquire the tract and they admit that Dr. Bhatt was no longer listed as a participant in the Westar deal. This occurred around December 12, 2018 per those pleadings. However, that pleading also shows Plaintiffs were on notice of Bhatt's departure from the hotel franchise ownership agreement.

17. The Amended Petition at paragraphs 17-18 reiterates previous averments about Westar's formal entry into a land purchase agreement, but also alleges vaguely that "Bhatt remained actively involved." However, the pleading fails to distinguish between in the Westar hotel franchise deal, and the separate land purchase transaction between Westar and the Dixson defendants. The allegations here refer only to communications from Dixson, allegedly to Kumar and Bhatt, about a different "hotel site" on the 20-acre parcel being developed by the Dixson Defendants. They make further averments about this other hotel deal

6

at paragraphs. 19-20; however, none of these averments state facts necessary for a basis to impose any duty on Dr. Bhatt or to suggest any act, omission or other conduct that would be a breach or a cause of Plaintiffs' alleged harm.

18. It is important to note that at paragraphs 19, Plaintiffs clearly aver that the only participants in the land sale or "subscription agreement" were the sellers (Gateway & PDG) and Westar (the Plaintiffs' vehicle, without participation by Bhatt). See paragraph 19 and Ex. A to the pleading. In other words, it is clear from the Plaintiffs' Amended Petition that Bhatt was in no way a party to the land transaction that is the core basis for Plaintiffs' causes of action.

19. The Amended Pleading (at paragraph 20) also makes it clear that all terms and conditions of the seller were provided in detailed writings tendered by the actual sellers only.

20. Then at paragraph 21, Plaintiffs aver that there is a draft operating agreement for Westar prepared by Kumar, and purportedly also by Bhatt, dated January 1, 2019 and that it refers to Bhatt and Bhatt-owned entities as among the participants. However, the pleading acknowledges that the only signer of that draft was Kumar (See last sentence of paragraph 21). However, according to paragraph 22, a different "operating agreement" dated February 1, 2019 exists in which Bhatt is not listed as an owner, and which is signed by all the owners of record, Kumar, Bawa, and Makani. In other words, Plaintiffs' allegations at 20-21 show that Bhatt never signed any operating agreement, and the final operating agreement of February 2019 included only the Plaintiffs and Kumar as participants.

21. Plaintiffs also add allegations at paragraph 22 that "they represented Kumar would be giving Bhatt" a portion of his share in Westar. Noting in the pleading suggests this alleged representation was false, for material to any real estate transaction, or that it was made with any intention that Plaintiffs relied upon it in any meaningful way. The chronology of the pleading also makes it clear that Makani, Bawa and Westar had already determined to enter into the land sale agreement with the Dixson *entities. See paragraphs 18-20 of the Amended Pleading.*

22. The Amended Petition repeatedly states that Dr. Bhatt "remained actively involved in the deal" (e.g. at paragraph 23), vaguely implying he was somehow a participant in the land transaction. However,

7

the paragraphs prior to 23 of the Amended Petition make it clear that Bawa, Makani, Kumar and Westar knowingly entered into the land purchase agreement with the Dixson sellers after it was already apparent Bhatt would not be a member of Westar. *See discussion, above and paragraphs 15-16 of the amended pleading*. However, the averments of paragraph 23 only show Dr. Bhatt's efforts to assure that Westar (and the Plaintiffs) would be able to formally acquire the Marriott Element Franchise rights as contemplated by the operating agreement. Such allegations form no credible factual basis, nor do they support any legal basis for a claim of any kind against Dr. Bhatt. The factual contentions that follow (paragraphs 24-30) detail further steps purportedly taken by Kumar or Bhatt in dealing with Marriott – none of which involve representations to any Plaintiff. No representations or statements by Dr. Bhatt to third-party Marriott can support any of the Plaintiffs fraud or conspiracy claims as alleged.

23. Furthermore, the factual contentions at paragraphs 24-30, taken in context with the allegations at paragraph 23, make it clear that the only basis Plaintiffs have for suing Dr. Bhatt is that he performed the good deed of working with Marriott to finalize the franchise rights for Westar, even though he was no longer a member. None of these allegations provide any factual or legal basis for the claims against Dr. Bhatt.

24. Then, at paragraph 30, Plaintiffs expressly aver that Dr. Bhatt's non-participation in the Westar deal was formalized in writing by October of 2019, thus establishing the absence of any basis for the various duties that the Plaintiffs would now assert against him.

25. Finally, at paragraph 32, Plaintiffs refer to an undisclosed "side project" allegedly involving Kumar and Bhatt for another hotel development on nearby property and then make a bald claim of "gross conflict of interest" against both Kumar and Dr. Bhatt. The pleading ignores the undisputed fact that Bhatt, unlike Kumar, was not a participant in the Westar agreement, which knowledge was acquired as early as December and January prior. The allegation of a "side deal" holds no water for the same reasons listed at paragraph 15, above, regarding the alleged "finders fee."

26. Thereafter the amended pleading begins to focus (paragraphs 31, and 33-44) on Plaintiffs' travails in dealing with the land sellers and Mr. Kumar. Their primary complaint is the failure of the seller to close

8

the land contract (see paragraph 40). Nowhere in these averments (nor in the preceding sections) is there any claim that Dr. Bhatt was ever a party to the land deal nor is there any allegation that he had any role in the refusal by the sellers to close that contract.

27. The Plaintiffs allegations here focus on the role of Kumar. (see paragraphs 34-44), alleging a breach of fiduciary duty to Westar (as a participant in that venture) arising from a dispute over allocation of his investment funds with the sellers (an apparent factor in the delay to the real estate contract). Note the absence of any such claim against Dr. Bhatt, and there is no allegation Dr. Bhatt had any role, or any control, much less any duty in respect the complaints against Kumar that directly affected the land contract issues central to Plaintiff lawsuit. Id. at paragraphs 33-44.

28. Despite the clear absence of any pleading to connect Dr. Bhatt to the Plaintiffs' woes in failing to consummate the real estate deal, they then lump Dr. Bhatt into a conclusory allegation that he and all of the other defendants, "acted together to acquire millions of dollars from Westar and its members"… "to fund a loan" for acquisition of the 20-acre tract, etc. (at paragraph 49). This broad averment makes no factual statement that would support any claim of duty, breach or cause as to Dr. Bhatt, who worked diligently to deliver the Marriott franchise to the benefit of the Plaintiffs, despite the fact that he had clearly been taken out of the Westar deal.

29. Without any factual pleading to show any interest in or connection to the Westar-Dixson land deal, or any specific averment about any actionable facts in regard to the alleged "Side Project" or neighboring hotel project the Plaintiffs again fail to raise any legal or factual basis for their claims.

### *The Plaintiffs' Causes of Action*

30. Plaintiffs Amended Petition asserts six causes of action, all of which arise from the alleged failure of the Dixson Defendants to convey the property per the terms of a Subscription Agreement, or that involve claims against Kumar based on his duties as a member of Westar. (*See* the Amended Pleading and discussion, above.)

9

31. Four of the six causes of action state no claims against Dr. Bhatt, as follows:

   a. **Breach of Contract"** against Gateway and PDG only (*See* paragraphs 46-49 (Part VI));

   b. **Money Had and Received/ Unjust Enrichment** "against Gateway and PDG only (*See* paragraphs 50-53 (Part VII.);

   c. Seeking a **Declaratory Judgment** on the Subscription Agreement. (Part VII); and

   d. "**Breach of Fiduciary Duty**" against Mr. Kumar only, based on his status as "member of Westar." (*See* paragraphs 53-55 of the Pleading. (Part X))

32. The primary cause of action naming Dr. Bhatt (along with all other Defendants) is alleged "**Statutory Fraud**" (*See* paragraphs 57-602 (Part IX) of the Pleading).

33. Dr. Bhatt, along with all other Defendants is also named to an additional cause of action raised for the first time in the Amended Petition, i.e. a claim for "**Conspiracy/ Aiding And Abetting**" (See paragraphs 64- 67 (Part XI). This is conclusory and bald pleading that fails to state, among other things, what specific underlying wrongful conduct, wrongful act, or underlying tort that these claims are derived from. This cause of action will not be addressed in this Amended Motion to Dismiss, but will be addressed in a later motion, within the time allowed by rule 91a for responding to any additional/ amended cause of action.

34. However, the **Statutory Fraud** claim is wholly based on the underlying real estate contract. Here the Plaintiffs allege broadly and in the aggregate that "Defendants" made false promises or representations of fact to Plaintiffs with regard to an agreement to purchase, acquire or transfer an interest in real estate." *See the Pleading at paragraph 58*. This is followed by a broad, non-specific assertion that "Plaintiffs relied on "Defendants' false promises or

10

representations" by entering into the "Agreement to purchase…the real estate." (Id.). This count and the underling factual allegations never specify any of the following elemental terms:

    a.    What, if any, alleged representations or promises of Dr. Bhatt were false;

    b.    Nor does it allege any specific intent on the part of Dr. Bhatt that Plaintiffs would rely on such communications or any intent by Dr. Bhatt to induce the land sale transaction in which he was never a party;

    c.    Neither does the Pleading ever state how any alleged promise by Dr. Bhatt was material to the transaction and or that such promise was made with any intention not to perform;

    d.    Nor is it alleged that Bhatt intended for Plaintiffs to rely on such promise and o how any alleged false promise was material to the transaction or caused them to enter into it; and

    e.    There is no allegation of how or in what way Plaintiffs incurred any detriment or specific damage arising from the alleged conduct of Dr. Bhatt.

35.    Apart from the bald pleading of "Statutory Fraud" against all Defendants in the aggregate at Part IX (which avers no specifics as to Dr. Bhatt), the only factual averments about Dr. Bhatt, *even if taken as true and together with the inferences reasonably drawn from them,* provide no basis in fact or in law that would entitle Plaintiffs to the relief they seek against Dr. Bhatt. (See discussion above re factual summary)

36.    The Pleading also makes claims against all Defendants (including Dr. Bhatt) for recovery of attorney's fees (at Part XII); and for imposition of exemplary damages (at Part XIII); however such recovery is entirely dependent on a predicate basis for liability against Dr. Bhatt for the

11

purported "statutory fraud" and, therefore, such ancillary claims have no basis in fact or law to support them either.

37. Finally, it must be noted that the Pleading explicitly complains of the Dixson defendants failure to close the land sale as the fundamental harm arising from the facts, and then seeks specific performance, which forms the basis of Plaintiffs' cause of action for declaratory relief against contracting parties. In that claim, Plaintiffs ask to the Court to render judgment that the sellers are required to close the sale on the property in question. (*See* paragraph 47-49) and then plead for "specific performance" and "declaratory relief" in the Prayer, i.e. seeking to enforce the Subscription Agreement in question. (*Id.* and *see* Part XV of the Pleading)

38. The Plaintiffs' plea for Declaratory Judgment seeks to enforce the Subscription Agreement by forcing the Dixson defendants to convey the land parcel to Plaintiffs. This clearly establishes that absence of any damages accruing from any purported misconduct of Bhatt for "inducing" Plaintiffs to enter into the land contract, and that entirely vitiates elements of the statutory fraud claim against Dr. Bhatt.

## MOTION TO DISMISS

39. Based on the foregoing and pursuant to Texas Rule of Civil Procedure 91a, Dr. Bhatt moves to dismiss each and every cause of action raised against him in the Pleading, including the following:

   a. "*Statutory Fraud* (Tex. Bus &Com. Code Section 27.01)" (*See* Part IX of the Pleading);

   b. "*Attorney's Fees*" claims (*See* Part XI of the Pleading);

   c. "*Exemplary Damages*" (*See* Part XII of the Pleading); and

   d. Movant seeks attorney's fees and costs and all other relief allowed under Rule 91a.

## ARGUMENT & AUTHORITIES

### Dismissal Standard Per Rule 91a

40. A party may move to dismiss a cause of action "on the grounds that it has no basis in law or fact." *Darnell v. Rogers*, 588 S.W.3d 295, 302–03 (Tex.App.—El Paso 2019, *no pet.*) (*citing* TEX.R.CIV.P. 91a.). The motion "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id. (citing* Rule 91a.2). The trial court may not hear evidence on the motion, but must decide it "based solely on the pleading of the cause of action." *Id.* (citing Rule 91a.6 and AC *Interests, L.P. v. Texas Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018); *see ConocoPhillips Co. v. Koopmann,* 547 S.W.3d 858, 880 (Tex. 2018) (stating, "a motion to dismiss is decided on the *plaintiff's* pleadings" (emphasis in original)); *City of Dallas v. Sanchez,* 494 S.W.3d 722, 724 (Tex. 2016) (stating whether Rule 91a's dismissal standard is met depends exclusively on the pleading of the cause of action). *See also Bedford Internet Office Space,* 537 S.W.3d at 720 (rule's plain language requires trial court to "wear blinders" to any pleadings except the pleading of the cause of action; finding trial court erred by dismissing suit under Rule 91a motion asserting affirmative defense of limitations).

### No Basis in Law

41. A cause of action has no basis in law when the plaintiffs the pleadings—though taken as true and considered with all reasonable inferences to be drawn-- do not entitle the plaintiff to the relief sought. Tex.R.Civ.P. 91a.1; and *see Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex.App.—Houston [1ˢᵗ Dist.] 2016, no pet.). The Stallworth court observed that a petition may be legally insufficient when 1) it alleges too few facts to demonstrate a legally cognizable claim, or 2) when it alleges facts that if true would bar the plaintiff's recovery.

13

42. Here, both alternatives apply and dictate that Plaintiffs' claims against Dr. Bhatt should be dismissed. The Pleading fails to allege sufficient facts to support the required elements of Statutory Fraud and as to any derivative claims for attorney's fees or exemplary damages. *See* review of the Pleading, above, and arguments and authorities, below. In addition, Plaintiffs' own affirmative pleading about they "stand ready and willing" to close the transaction even now, makes it clear that nothing said or done by Dr. Bhatt to allegedly induce the land contract agreement was actually detrimental to the Plaintiffs, or they would not be seeking to enforce the contract. This fact alone creates a clear factual basis to dismiss the claims by Plaintiffs.

### The Required Elements of Statutory Fraud

43. The Texas Business & Commerce Code specifies all elements necessary to prove a claim for statutory fraud, beginning with the predicate that actionable conduct under the statute must relate to a "transaction involving real estate or stock." See Sec. 27.01(a). The statute then lists the remaining necessary elements as

"(1) false representation of a past or existing **material fact**, when the false representation is
    (A) made to a person for the purpose of inducing that person to enter into a contract; and
    (B) relied on by that person in entering into that contract; or
(2) false promise to do an act, when the false promise is
    (A) material;
    (B) made with the intention of not fulfilling it;
    (C) made to a person for the purpose of inducing that person to enter into a contract; and
    (D) relied on by that person in entering into that contract."

TEX.BUS. & COMM. CODE § 27.01. [emphasis supplied].

14

## **The Pleading Fails to Establish Required Elements under Section 27.01**

44. First, the predicate requirement that allegedly actionable conduct must "relate to a transaction involving real estate" is not established by the Pleading as to Dr. Bhatt. In fact, the Pleading establishes the contrary proposition, i.e., that Dr. Bhatt was not a party to the Subscription Agreement, nor was he a member of Westar. The only purported representations and promises attributed specifically to Dr. Bhatt relate only to the availability of a Marriott Element franchise for the project. (*See* paragraph 13 of the Pleading.) Such a representation or promise is not sufficient, under these facts, to allow application of the statutory remedy to Dr. Bhatt.

45. Assuming, *arguendo*, that the statute applies, other necessary elements of the claim are missing from the Pleading and the claim must fail on those grounds. These legally fatal omissions include the following:

    a**.** The Pleading fails to identify how or even if any alleged representation or promise attributed to Dr. Bhatt may be material to Plaintiffs claim they were fraudulently induced in to making their land sale contract with the Dixson defendants. (*See, e.g.,* paragraphs 12-17 of the Pleading.) Plaintiffs' allegations provide no basis or even an allegation that any communications about a specific hotel franchise would be material to the claims laid out in this Pleading, and there is no reasonable inference to drawn as to why or how such a statement is material.. This is also the case for other various alleged representations (attributed to "Kumar and Bhatt") relating to the identity of the developer, the parcel size and other items. (*Id*.).

    b. The Pleading fails to identify any representation or material promise that was purportedly false at the time of its alleged making by Dr. Bhatt. For example, the only

15

specific representation or promise attributed to Dr. Bhatt (the identity of the hotel franchise entity -Marriott Element) is not questioned in the Amended Petition.

Clearly, the identity and the availability of the particular hotel franchisor at the time of closing and at the time of the filing of the Pleading are consistent with the alleged promise or representation attributed to Dr. Bhatt at paragraph 13 of the Pleading. Nor is there any allegation or reasonable inference that other purported statements by Dr. Bhatt were false at any relevant time or that he had knowledge of such alleged falsity.

c. Furthermore, Plaintiffs' fail to allege any purpose or intention on the part of Dr. Bhatt that Plaintiffs' rely on those statements, and;

d. There is no sufficient allegation or inference that Dr. Bhatt had a purpose to induce the transaction;

e. There are no allegations of damages or detriment incurred by Plaintiffs due to any such communications by Dr. Bhatt to purportedly induce them to enter the Agreement, which they still seek to enforce today; and

f. Furthermore, the Pleading never alleges that Dr. Bhatt, failed to disclose any material fact with the purpose or intent that Plaintiffs rely or that induced them to enter the land sale agreement, which they still seek to enforce; and

g. Finally, the Pleading makes no averment about any general or specific damages incurred by the Plaintiffs that could reasonably be attributable to the vague allegations of misconduct against Dr. Bhatt in this Pleading.

### There is no basis in law for the Statutory Fraud Claim

46. The Statutory Fraud cause of action should be dismissed because there is no basis in law for the reasons listed above. *See, e.g.*, *Devoll v. Demonbreun*, 2014 WL 7440314 (Tex.App.—

16

San Antonio)(upholding trial court dismissal of common law fraud claims per Rule 91a because failure to allege reliance and resulting damages created "no basis in law.")

### Derivative Claims for Fees, Exemplary Damages Fail

47. The failure of the underlying cause of action for Statutory Fraud must, necessarily, defeat the derivative or dependent claims by Plaintiffs for both Attorney's Fees and Exemplary Damages, which if they were to be awarded would require a liability finding on the fraud claim.

### Plaintiffs' Claims Against Dr. Bhatt Have No Basis In Fact

48. Furthermore the Plaintiffs allegations against Dr. Bhatt have no supportable basis in fact where it is averred by Plaintiffs, or otherwise indisputable that Dr. Bhatt was not a member of Westar, not a party to the Subscription Agreement or otherwise involved in or controlling the land sale contract that forms the essential factual basis of Plaintiffs' complaints against him. According to Plaintiffs own factual summary in the Pleading the no reasonable person could believe that Dr. Bhatt had any actionable role in the failures of other parties (i.e., the actual property sellers) that form the sole basis in fact for a claim of statutory fraud in a real estate transaction.

49. Furthermore, the Plaintiffs' own averment that they stand ready and willing to close the land sale in question, and their declaratory judgment action negate any factual possibility that a representation or promise by Dr. Bhatt (even if false) induced the Plaintiffs in to a transaction that was detrimental to them or by which they suffered any consequential damages, which are not specifically alleged in the Pleading – other than to claim a return of purchase price if the sale is never completed.

50. Plaintiffs' claims for a declaratory judgment to enforce the Subscription Agreement belie all of their claims against Dr. Bhatt. Their Declaratory Judgment plea would force he Dixson defendants to convey the land parcel to Plaintiffs on the existing terms. This clearly establishes

17

that absence of any damages accruing from any purported misconduct of Bhatt for "inducing" Plaintiffs to enter into the land contract, and that entirely vitiates both the reliance and damages elements of the statutory fraud claim against Dr. Bhatt.

51. "Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact." *Aguilar v. Morales*, 545 S.W.3d 670, 676 (Tex. App.—El Paso 2017, pet. denied) "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Darnell*, 588 S.W.3d at 302–03. As set forth above, Plaintiffs' Pleading has no basis in fact as no reasonable person could believe the facts pleaded as to Dr. Bhatt.

## This Motion is Timely

52. This Motion is timely because it is filed within 3 days after the service of the Plaintiffs' Amended Petition.

## REQUEST FOR HEARING

53. Movant hereby requests that this Motion be set for hearing no sooner than 21 days after date of filing, and then considered and ruled upon no later than 45 days after its filing. *See* Tex.R.Civ.P. 91a.3.

## CLAIM FOR ATTORNEY'S FEES & COSTS

54. Movant hereby asks for an award of all taxable costs, and all reasonable and necessary attorney's fees as the prevailing party pursuant to Texas Rules of Civil Procedure 91a.7, and asserts its claim to such fees in an amount of not less than $8,500.00 through the time of hearing, in addition to any and all additional amounts of reasonable and necessary fees arising from any subsequent post-hearing work, and all subsequent appellate work related to the Motion and its ultimate disposition.

55. Movant hereby reserves its right to offer evidence of his recoverable costs and attorney's fees at the time of any future hearing.

**WHEREFORE, PREMISES CONSIDERED**, MOVANT BANKIM BHATT, M.D. prays that this Court set a hearing in accordance with the requirements of Rule 91a, and upon due notice to all parties, that the upon consideration of the pleadings, motion and any response or reply that the Court enter a timely order dismissing all claims against Dr. Bhatt, pursuant to the requirements of Rule 91a, and that such Order award Movant Dr. Bhatt all his costs, and reasonable and necessary attorney's fees and other relief to which he may be justly entitled at law or in equity.

Respectfully submitted,

**RAY | PENA | McCHRISTIAN, P.C.**
5822 Cromo Dr.
El Paso, Texas 79922
(817) 832 7200- Phone
(817) 832-7333- Fax
jray@raylaw.com
jlucky@raylaw.com

June 10, 2020          By:          */s/ Jeff Ray*
                                    **JEFF RAY**
                                    State Bar No. 16604400
                                    **JEFFREY THOMAS LUCKY**
                                    State Bar No. 12667350

                                    *Attorneys for Defendant Bakim Bhatt, M.DS.*

### CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on July 10, 2020, a true and correct copy of the foregoing document is served on the party(ies) or attorney(s) of record electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

*/s/ Jeffrey T. Lucky*
**JEFFREY THOMAS LUCKY**