## CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, | § | IN THE COUNTY COURT |
| SUHAIL BAWA, AND SALEEM MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, | § | |
| AND BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY AGAINST DEFENDANTS THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC. AND MICHAEL DIXSON

Plaintiff Westar Investors Group, LLC ("Westar" or "Plaintiff") files this motion to compel responses to discovery against Defendants The Gateway Ventures, LLC ("Gateway"), PDG Prestige, Inc. ("PDG") and Michael Dixson ("Dixson") (collectively "Defendants") (hereinafter the "Motion"), and respectfully shows the Court as follows.

### I.

Westar filed this lawsuit against Defendants, asserting causes of action for, *inter alia*, various breaches of contract, statutory fraud, etc., and seeking damages in excess of $1 million.[1]

On May 21, 2020, Westar served its first request for production of documents to Defendants.[2] On May 21, 2020, Westar served its first set of interrogatories to Gateway.[3] The foregoing requests for production and interrogatories are collectively referred to as the "Discovery Requests."

---

[1] Plaintiffs' original petition, filed on Mar. 10, 2020.
[2] A true and correct copy of Westar's first request for production to Defendants is attached hereto as Exhibit A.
[3] A true and correct copy of Westar's first set of interrogatories to Gateway is attached hereto as Exhibit B.

Under the Texas Rules of Civil Procedure, Defendants' responses to the Discovery Requests were due on June 22, 2020.

On June 18, 2020, Westar entered into a Rule 11 Agreement with Defendants whereby it agreed to extend Defendants' deadline to respond to the Discovery Requests to July 3, 2020.

To date, Defendants have not served responses Westar with responses to the Discovery Requests, and their deadline to do so has expired.

## II.

A party may apply for an Order compelling discovery where a party fails to serve responses to discovery requests by the deadline to do so. TEX. R. CIV. P. 215.1(b)(3). As stated above, Defendants' responses to the Discovery Requests were due on July 3, 2020, and no responses have been provided.

Therefore, Westar thus requests that the Court enters an order requiring Defendants to respond to the Discovery Requests no later than ten (10) days from the date of the Court's Order. *Id*.

## III.

A party may also apply for sanctions where a party fails to serve responses to discovery requests. TEX. R. CIV. P. 215.1(b)(3). If a motion to compel discovery responses is granted, the Court shall require a party whose conduct necessitated the motion or its attorney or both of them to pay the moving party its reasonable expenses, including attorney's fees, unless the Court finds that opposition was substantially justified. TEX. R. CIV. P. 215.1(d).

Defendants can offer no substantial justification for their failure to respond to the Discovery Requests. Therefore, the Court should award Westar its expenses, including attorney's fees, for bringing this motion to compel against Defendants.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion be set for hearing on the first available date and that, after hearing, the Motion be granted in all respects, that the Court Orders Defendants to serve complete responses to the Discovery Requests, that the Court awards Plaintiff its expenses including attorney's fees, and for such other and further relief to which Plaintiff is justly entitled, whether in law or in equity.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded in accordance with the Texas Rules of Civil Procedure to all counsel of record via the electronic filing system on the 22nd day of July, 2020.

*/s/ Eric C. Wood*
Eric C. Wood

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, | § | IN THE COUNTY COURT |
| SUHAIL BAWA, AND SALEEM MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, | § | |
| AND BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., AND MICHAEL DIXSON

To:     All parties and counsel of record.

Pursuant to Texas Rule of Civil Procedure 196, Plaintiffs Westar Investors Group, LLC, Suhail Bawa and Saleem Makani serve their first request for production to Defendants The Gateway Ventures, LLC, PDG Prestige, Inc., and Michael Dixson.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded in accordance with the Texas Rules of Civil Procedure to all counsel of record on the 21st day of May, 2020.

*/s/ Eric C. Wood*
Eric C. Wood

## **DEFINITIONS**

1.     As used herein, the term "Gateway" refers to The Gateway Ventures, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

2.     As used herein, the term "PDG" refers to PDG Prestige, Inc., and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

3.     As used herein, the term "Dixson" refers to Michael Dixson, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

4.     As used herein, the term "Kumar" refers to Suresh Kumar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

5.     As used herein, the term "Bhatt" refers to Bankim Bhatt, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

6.     As used herein, the term "Plaintiffs" refers to Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, and their officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on their behalf or subject to their control.

7.     As used herein, the terms "Westar" refers to Westar Investors Group, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

8.      As used herein, the term "Bawa" refers to Suhail Bawa, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

9.      As used herein, the term "Makani" refers to Saleem Makani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

10.     As used herein, the term "Nayyar" refers to Ashish Nayyar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

11.     As used herein, the term "Noorani" refers to Rahim Noorani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

12.     As used herein, the term the "Property" refers to the approximately 20 acres of real property located at 6767 Gateway Blvd., El Paso, Texas 79925, in whole or in part.

13.     As used herein, the term "Lawsuit" means Cause No. 2020DCV0914, styled *Westar Investors Group, LLC, et. al. v. The Gateway Ventures, LLC, et. al.,* currently pending in the County Court at Law No. 6 El Paso County, Texas.

14.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, firm, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, board, commission, bureau, department or other such entity.

15.     As used herein, the term "date," or any word relating to a date, means the exact day, month and year, if ascertainable, or, if not ascertainable, the best available approximation thereof (including, if necessary, a relationship to other events).

16.     As used herein, the term "document" is used in its broadest sense and includes, without limitation, all original written, recorded, or graphic matter whatsoever which is now, was at any time in the past, or may hereafter be in Defendant's possession or in or subject to Defendant's custody or control, including any copies of any of the foregoing with any marks, notations, or comments thereon, as well as all non-identical copies and/or drafts thereof, including, without limitation, any writings of any kind or character (whether in long hand, typed or otherwise machine, mechanically or photographically reproduced), any papers, books, pamphlets, periodicals, records, letters, photographs, videotapes, tangible things, correspondence, communications, telegrams, cables, telexes, messages, memoranda (including any memorandum or report of a meeting or conversation), notes, notations, drafts, workpapers, indexes, lists, tapes, transcripts, minutes, reports, recordings of telephone conversations, conferences or other meetings; summaries, notes or memoranda of meetings, conferences or telephone calls; affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, drawings, plans, blueprints, shop drawings, graphs, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, press releases, publications, schedules, price lists, invoices, purchase orders, bills, receipts, checks (front and back), check stubs, deposit slips, wire transfer orders and receipts, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing programs, data processing input and output, microfilm, microfiche, ledgers of any kind, statements and books of account, financial reports and budgets; all records kept by electronic, photographic or mechanical means; any notes or non-identical drafts relating to the foregoing, and any other papers or writings of any kind, including, but not limited to, any information contained in any

computer or other information retrieval system or device.  In all cases where originals are not available, "document" also means identical copies of original documents.

17.     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by document, face-to-face, by telephone, mail, personal delivery, or otherwise.

18.     As used herein, the phrases "relate(s) to" or "relating to" mean consist of, refer to, pertain to, evidence, support, reflect, constitute or be in any way logically or factually connected with the matter discussed.

19.     As used herein, the term "factual basis" means facts, persons having knowledge or relevant facts, documents and opinions of expert witnesses.

20.     As used herein, the terms "identify," "identification," or "identity" mean, when used in reference to:

    (a)    person:  the person's name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity, the laws or governmental authority under which it is organized and existing, and the address of its principal place of business;

    (b)    document:  the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under 196 of the Texas Rules of Civil Procedure;

    (c)    communication:  the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who received the communication, and of each person present when it was made, and the subject matter discussed;

    (d)    meeting:  the date of the meeting, the place of the meeting, each person invited

to attend, each person who attended, and the subject matter discussed.

21.     All other terms herein are to be given their regular dictionary meaning.

## **INSTRUCTIONS**

1.      Unless otherwise stated, the applicable time frame for all requests is June 1, 2017 to the present.

2.      If any document which otherwise falls within the scope of this request is not produced by you, you are hereby requested to list the document(s) not produced and, for each such document, to state:

A.     the reasons for withholding each such document;
B.     the identity of the author(s) or preparer(s) of each such document;
C.     the identity of the sender(s) of each such document;
D.     the identity(ies) of the person(s) to whom the original and any copies of each such document were sent;
E.     a brief description of the nature and subject matter of each such document;
F.     the date of each such document; and
G.     the present location of each such document and the name, telephone number, and address of the current custodian.

3.      You are hereby requested to produce the documents described below as they are kept in the usual course of business or organized and labeled to correspond with the categories of this Request.

4.      To the extent that any or all computer programs or other documents are available only on disks, drums, central computer memory, or other storage means which can be physically attached to a computer, such computer programs and other documents are required to be produced either in printed or machine readable form.

5.      Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained.  Whenever a requested document or file or group of documents or files are kept or are found in a file drawer, file

box or other place, before the same is produced, attached thereto a copy of the label, number or title of the file drawer, file box or other place from which the document or file was found or removed.

6.      No communication, document or file requested should be altered, changed or modified in any respect.  No communication, document or file requested should be disposed of or destroyed.  You should take appropriate steps to protect all communications, documents and files from being misplaced or destroyed pursuant to any record retention or destruction policy or otherwise.

7.      This Request seeks answers current to the date of response, and further shall be deemed to be continuing under the Texas Rules of Civil Procedure so that any additional information relating in any way to this Request which you acquire or which becomes known to you up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

8.      When a request refers to the Defendant, it should be read to also include Defendant's predecessors-in-interest, successors, or assigns.

## <u>FIRST REQUEST FOR PRODUCTION</u>

1.      All communications between Gateway, PDG or Dixson and any of the Plaintiffs.

2.      All communications between Gateway, PDG or Dixson and Kumar.

3.      All communications between Gateway, PDG or Dixson and Bhatt.

4.      All communications between Gateway, PDG or Dixson and Nayyar.

5.      All communications between Gateway, PDG or Dixson and Noorani.

6.      All marketing or promotional materials provided by Gateway, PDG or Dixson to any of the Plaintiffs.

7.      All marketing or promotional materials provided by Gateway, PDG or Dixson to Kumar.

8.      All marketing or promotional materials provided by Gateway, PDG or Dixson to Bhatt.

9.      All marketing or promotional materials provided by Gateway, PDG or Dixson to Nayyar or Noorani.

10.     All marketing or promotional materials provided by Gateway, PDG or Dixson to any third party referring or relating to the Property.

11.     All communications between Gateway, PDG or Dixson and any third party (excluding attorney-client privileged communications) referring or relating to any of the Plaintiffs.

12.     All communications between Gateway, PDG or Dixson and any third party (excluding attorney-client privileged communications) referring or relating to the claims alleged in Plaintiffs' petition filed in the Lawsuit.

13.     All communications between Gateway, PDG or Dixson and any third party (excluding attorney-client privileged communications) referring or relating to the sale of or investment in any part of the Property.

14.     All contracts or agreements between Gateway, PDG or Dixson and any of the Plaintiffs.

15.     All contracts or agreements between Gateway, PDG or Dixson and Kumar.

16.     All contracts or agreements between Gateway, PDG or Dixson and Bhatt.

17.     All contracts or agreements between Gateway, PDG or Dixson and Nayyar.

18.     All contracts or agreements between Gateway, PDG or Dixson and Noorani.

19.     All contracts or agreements between Gateway, PDG or Dixson and any person or entity referring or relating to the Property.

20.     All documents identifying, evidencing, or relating to your purchase or acquisition of the Property, including but not limited to any contracts for sale, special warranty deeds and closing statements.

21.     All loan documents for the Property, including but not limited to, any deeds of trust, promissory notes, security agreements, modifications, personal guarantees, assignments, and financing statements.

22.     All documents identifying, evidencing, or relating to any investments or business conducted between Gateway, PDG or Dixson and Kumar.

23.     All documents identifying, evidencing, or relating to any investments or business conducted between Gateway, PDG or Dixson and Bhatt.

24.     All documents identifying, evidencing, or relating to any investments or business conducted between Gateway, PDG or Dixson and Nayyar.

25.     All documents identifying, evidencing, or relating to any investments or business conducted between Gateway, PDG or Dixson and Noorani.

26. All documents identifying, evidencing, or relating to any investments or business conducted between Gateway, PDG or Dixson and any other party related to the sale of or investment in any part of the Property.

27. All documents identifying, evidencing, or relating to any person or entity who owns, leases, or possesses any interest in any part of the Property.

28. All documents identifying, evidencing, or relating to any finders' fees paid by Gateway, PDG or Dixson to Kumar.

29. All documents identifying, evidencing, or relating to any finders' fees paid by Gateway, PDG or Dixson to Bhatt.

30. All documents identifying, evidencing, or relating to any finders' fees paid by Gateway, PDG or Dixson to any other person or entity related to the Property.

31. All communications between Gateway, PDG or Dixson and HD Lending, LLC or any other lender referring or relating to the Property.

32. All communications between Gateway, PDG or Dixson and Chicago Title referring or relating to the Property.

33. All documents identifying, evidencing, or relating to any payments of principal or interest made by Gateway, PDG or Dixson with respect to the Property, including but not limited to copies of checks, wire transfers and bank statements.

34. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Gateway, PDG or Dixson and HD Lending or any other lender referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

35. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between any of the Plaintiffs and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

36. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Gateway, PDG or Dixson and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

37. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Kumar and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

38. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Bhatt and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

39. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Nayyar and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

40. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Noorani and Chicago Title referring or relating to the Property, including but not limited to copies of checks, wire transfers and bank statements.

41. All documents identifying, evidencing, or relating to any real property taxes paid by Gateway, PDG or Dixson on the Property, including but not limited to copies of checks, wire transfers and bank statements.

42. All documents identifying, evidencing, or relating to any transfers of money or other consideration between any of the Plaintiffs and Gateway, PDG or Dixson, including but not limited to copies of checks, wire transfers and bank statements.

43. All documents identifying, evidencing, or relating to any transfers of money or other consideration between Kumar and Gateway, PDG or Dixson, including but not limited to copies of checks, wire transfers and bank statements.

44. All documents identifying, evidencing, or relating to any transfers of money or other consideration between Bhatt and Gateway, PDG or Dixson, including but not limited to copies of checks, wire transfers and bank statements.

45. All documents identifying, evidencing, or relating to any transfers of money or other consideration between Nayyar and Gateway, PDG or Dixson, including but not limited to copies of checks, wire transfers and bank statements.

46. All documents identifying, evidencing, or relating to any transfers of money or other consideration between Noorani and Gateway, PDG or Dixson, including but not limited to copies of checks, wire transfers and bank statements.

47. All capital contribution statements, reconciliation statements or other documents identifying each person or entity who made any deposits with respect to the Property, the date of the deposit and/or the amount of the deposit.

48. All communications between Gateway, PDG or Dixson and any person or entity referring or relating to where any deposits or payments with respect to the Property should be allocated.

49. All communications between Gateway, PDG or Dixson and any person or entity referring or relating to the allocation of any deposits or payments made with respect to the Property to the Element Hotel Lot.

50. All documents referring or relating to any Marriott "Flag" obtained by any party to this Lawsuit to be used for a hotel on the Property.

51. All company agreements or operating agreements for Westar.

52. All company agreements or operating agreements for Gateway.

53. All company agreements or operating agreements for PDG.

54. All contracts or agreements between Gateway, PDG or Dixson and PC Builders.

55. All documents identifying, evidencing, or relating to any payments or transfers of money or consideration between Gateway, PDG or Dixson and PC Builders, including but not limited to copies of checks, wire transfers and bank statements.

56. All documents identifying, evidencing, or relating to any credits owed to or granted to PC Builders with regard to the Property.

57. All notices of default or demand letters received by Gateway, PDG or Dixson from any of the Plaintiffs.

58. All notices of default or demand letters received by Gateway, PDG or Dixson from Kumar.

59. All notices of default or demand letters received by Gateway, PDG or Dixson from Bhatt.

60. All notices of default or demand letters received by Gateway, PDG or Dixson from Nayyar or Noorani.

61. All notices of default or demand letters received by Gateway, PDG or Dixson referring or relating to the Property.

62. All notices of default or demand letters sent by Gateway, PDG or Dixson to any of the Plaintiffs.

63. All notices of default or demand letters sent by Gateway, PDG or Dixson to Kumar.

64. All notices of default or demand letters sent by Gateway, PDG or Dixson to Bhatt.

65. All notices of default or demand letters sent by Gateway, PDG or Dixson to Nayyar or Noorani.

66. All notices of default or demand letters sent by Gateway, PDG or Dixson referring or relating to the Property.

67. All documents identifying, evidencing, or relating to any offers of equity in Gateway or PDG made by Gateway, PDG or Dixson to any of the Plaintiffs.

68. All documents identifying, evidencing, or relating to any offers of equity in Gateway or PDG made by Gateway, PDG or Dixson to Kumar.

69. All documents identifying, evidencing, or relating to any offers of equity in Gateway or PDG made by Gateway, PDG or Dixson to Bhatt.

70. All documents identifying, evidencing, or relating to any offers of equity in Gateway or PDG made by Gateway, PDG or Dixson to Nayyar or Noorani.

71. All site plans for the Property.

72. All site plans for the Property sent by Gateway, PDG or Dixson to any of the Plaintiffs.

73. All site plans for the Property sent by Gateway, PDG or Dixson to Kumar.

74. All site plans for the Property sent by Gateway, PDG or Dixson to Bhatt.

75. All site plans for the Property sent by Gateway, PDG or Dixson to Nayyar or Noorani.

76. All corporate formation documents for Gateway, including but not limited to, articles of formation, operational agreements, etc.

77. All corporate formation documents for PDG, including but not limited to, articles of formation, operational agreements, etc.

78. All corporate documents filed with the Secretary of State or other similar agency for Gateway.

79. All corporate documents filed with the Secretary of State or other similar agency for PDG.

80. All documents identifying each member, partner, officer, director, and shareholder in Gateway.

81. All documents identifying each member, partner, officer, director, and shareholder in PDG.

82. All documents identifying the percentage or amount of the membership, partnership or shares interest owned by each member, partner, officer, director, and shareholder in Gateway.

83. All documents identifying the percentage or amount of the membership, partnership or shares interest owned by each member, partner, officer, director, and shareholder in PDG.

84. All documents that identify or relate to Dixson's position or ownership interest in Gateway.

85. All documents that identify or relate to Dixson's position or ownership interest in PDG.

86. All account statements for any bank accounts owned by or Gateway's name.

87. All account statements for any bank accounts owned by or in PDG's name.

88. All account statements for any bank accounts owned by Dixson, in Dixson's name, or on which he had signatory authority.

89. All financial statements for Gateway, including but not limited to balance sheets, profit and loss statements, and income statements.

90. All financial statements for PDG, including but not limited to balance sheets, profit and loss statements, and income statements.

91.     Any recorded or written statements made by any of the Plaintiffs.

92.     Any recorded conversation in which any of the Plaintiffs was present or a party to the conversation.

93.     Any recorded or written statements made by any person that refer or relate to any of the Plaintiffs.

94.     Any recorded or written statements made by any person that refer or relate to the claims alleged in Plaintiffs' petition filed in the Lawsuit.

95.     All documents that evidence, support or relate to any defenses Gateway, PDG or Dixson assert to any of the claims asserted by Plaintiffs in the Lawsuit.

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, | § | IN THE COUNTY COURT |
| SUHAIL BAWA, AND SALEEM MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, | § | |
| AND BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF WESTAR INVESTORS GROUP, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT THE GATEWAY VENTURES, LLC

To:     All parties and counsel of record.

Pursuant to Texas Rule of Civil Procedure 197, Plaintiff Westar Investors Group, LLC serves

its first set of interrogatories to Defendant The Gateway Ventures, LLC.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI

**EXHIBIT B**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded in accordance with the Texas Rules of Civil Procedure to all counsel of record on the 21st day of May, 2020.

*/s/ Eric C. Wood*
Eric C. Wood

## DEFINITIONS

1.      As used herein, the terms "you," "yourself," or "Gateway" refer to The Gateway Ventures, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

2.      As used herein, the term "PDG" refers to PDG Prestige, Inc., and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

3.      As used herein, the term "Dixson" refers to Michael Dixson, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

4.      As used herein, the term "Kumar" refers to Suresh Kumar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

5.      As used herein, the term "Bhatt" refers to Bankim Bhatt, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

6.      As used herein, the term "Plaintiffs" refers to Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, and their officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on their behalf or subject to their control.

7.      As used herein, the terms "Westar" refers to Westar Investors Group, LLC, and its officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on its behalf or subject to its control.

8.     As used herein, the term "Bawa" refers to Suhail Bawa, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

9.     As used herein, the term "Makani" refers to Saleem Makani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

10.     As used herein, the term "Nayyar" refers to Ashish Nayyar, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

11.     As used herein, the term "Noorani" refers to Rahim Noorani, and his officers, directors, members, partners, employees, attorneys, representatives, and any other person acting or purporting to act on his behalf or subject to his control.

12.     As used herein, the term the "Property" refers to the approximately 20 acres of real property located at 6767 Gateway Blvd., El Paso, Texas 79925, in whole or in part.

13.     As used herein, the term "Lawsuit" means Cause No. 2020DCV0914, styled *Westar Investors Group, LLC, et. al. v. The Gateway Ventures, LLC, et. al.,* currently pending in the County Court at Law No. 6 El Paso County, Texas.

14.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, firm, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, board, commission, bureau, department or other such entity.

15.     As used herein, the term "date," or any word relating to a date, means the exact day, month and year, if ascertainable, or, if not ascertainable, the best available approximation thereof (including, if necessary, a relationship to other events).

16.     As used herein, the term "document" is used in its broadest sense and includes, without limitation, all original written, recorded, or graphic matter whatsoever which is now, was at any time in the past, or may hereafter be in Defendant's possession or in or subject to Defendant's custody or control, including any copies of any of the foregoing with any marks, notations, or comments thereon, as well as all non-identical copies and/or drafts thereof, including, without limitation, any writings of any kind or character (whether in long hand, typed or otherwise machine, mechanically or photographically reproduced), any papers, books, pamphlets, periodicals, records, letters, photographs, videotapes, tangible things, correspondence, communications, telegrams, cables, telexes, messages, memoranda (including any memorandum or report of a meeting or conversation), notes, notations, drafts, workpapers, indexes, lists, tapes, transcripts, minutes, reports, recordings of telephone conversations, conferences or other meetings; summaries, notes or memoranda of meetings, conferences or telephone calls; affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, drawings, plans, blueprints, shop drawings, graphs, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, press releases, publications, schedules, price lists, invoices, purchase orders, bills, receipts, checks (front and back), check stubs, deposit slips, wire transfer orders and receipts, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing programs, data processing input and output, microfilm, microfiche, ledgers of any kind, statements and books of account, financial reports and budgets; all records kept by electronic, photographic or mechanical means; any notes or non-identical drafts relating to the foregoing, and any other papers or writings of any kind, including, but not limited to, any information contained in any

computer or other information retrieval system or device.  In all cases where originals are not available, "document" also means identical copies of original documents.

17.     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by document, face-to-face, by telephone, mail, personal delivery, or otherwise.

18.     As used herein, the phrases "relate(s) to" or "relating to" mean consist of, refer to, pertain to, evidence, support, reflect, constitute or be in any way logically or factually connected with the matter discussed.

19.     As used herein, the term "factual basis" means facts, persons having knowledge or relevant facts, documents and opinions of expert witnesses.

20.     As used herein, the terms "identify," "identification," or "identity" mean, when used in reference to:

> (a)     person:  the person's name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity, the laws or governmental authority under which it is organized and existing, and the address of its principal place of business;
>
> (b)     document:  the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under 196 of the Texas Rules of Civil Procedure;
>
> (c)     communication:  the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who received the communication, and of each person present when it was made, and the subject matter discussed;
>
> (d)     meeting:  the date of the meeting, the place of the meeting, each person invited

to attend, each person who attended, and the subject matter discussed.

21.     All other terms herein are to be given their regular dictionary meaning.

**INSTRUCTIONS**

1.     Unless otherwise stated, the applicable time frame for all interrogatories is June 1, 2017 to the present.

2.     In answering the following interrogatories, please furnish such information as is available to you, not merely information as is of your personal knowledge.  Specifically, this request for information includes knowledge of your agents, representatives and, unless privileged, your attorneys.  If you seek to withhold any information on the basis of privilege, please describe that information in detail, and state the privilege asserted and the basis for that assertion.  If any of these interrogatories cannot be answered in full upon your personal knowledge, please answer to the extent possible upon your personal knowledge, and state the extent to which such information is being furnished on the basis of personal knowledge of others.

3.     When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer all of the facts you think support, negate, refer to, or evidence such claim, contention, or allegation.

4.     The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

5.     When an interrogatory refers to Defendant, it should be read to also include Defendant's predecessors-in-interest.

6.     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning

as the word "and."  For example, an interrogatory stating "support or refer" should be read as "support and refer' if an answer that does both can be made.

7.      If any information is withheld because it is stored electronically, please identify the subject matter of the information and the location or locations where the information is maintained, and provide a suitable program or method of retrieval of such information.

8.      If you cannot answer a particular interrogatory, in whole or in part, please state the reason for your inability to answer, and set forth whatever information you can provide from any sources available to you.

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons you expect to call to testify at trial in compliance with Tex. R. Civ. P. 192.3(d).

### ANSWER:


### INTERROGATORY NO. 2:

Identify any person or entity who owns, leases, or possesses any interest in any part of the Property.

### ANSWER:


### INTERROGATORY NO. 3:

State in detail the contents of all meetings, discussions, or other communications you have had with any of the Plaintiffs referring or relating to the Property, including:

(a)      The date of the meeting, discussion, or other communication;

(b)      State as fully and completely as possible what was said during each such meeting, discussion, or other communication;

(c)     Identify all persons present or who have knowledge of the meeting, discussion, or other communication;

(d)     Whether you possess any written documentation relating to the meeting, discussion, or other communication.

**ANSWER:**

**INTERROGATORY NO. 4:**

State in detail the contents of all meetings, discussions, or other communications you have

had with Kumar or Bhatt referring or relating to the Property, including:

(a)     The date of the meeting, discussion, or other communication;

(b)     State as fully and completely as possible what was said during each such meeting, discussion, or other communication;

(c)     Identify all persons present or who have knowledge of the meeting, discussion, or other communication;

(d)     Whether you possess any written documentation relating to the meeting, discussion, or other communication.

**ANSWER:**

**INTERROGATORY NO. 5:**

State in detail the contents of all meetings, discussions, or other communications you have

had with Nayyar or Noorani referring or relating to the Property, including:

(a)     The date of the meeting, discussion, or other communication;

(b)     State as fully and completely as possible what was said during each such meeting, discussion, or other communication;

(c)     Identify all persons present or who have knowledge of the meeting, discussion, or other communication;

(d)     Whether you possess any written documentation relating to the meeting, discussion, or other communication.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify and describe any monetary transfers between you and any of the Plaintiffs, including:

     (a)     The amount of the investment or monetary transfer;

     (b)     The date of the investment or monetary transfer;

     (c)     The identity of all persons with knowledge regarding the investment or monetary transfer;

     (d)     The manner of the investment or monetary transfer (i.e. check, money order, cash, wire transfer, etc.);

     (e)     Whether you possess copies of checks, bank statements or any other documents referencing the investment or monetary transfer.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify and describe any investments or monetary transfers between you and Kumar or Bhatt, including:

     (a)     The amount of the investment or monetary transfer;

     (b)     The date of the investment or monetary transfer;

     (c)     The identity of all persons with knowledge regarding the investment or monetary transfer;

     (d)     The manner of the investment or monetary transfer (i.e. check, money order, cash, wire transfer, etc.);

     (e)     Whether you possess copies of checks, bank statements or any other documents referencing the investment or monetary transfer.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify and describe any investments or monetary transfers between you and Nayyar or Noorani, including:

(a)     The amount of the investment or monetary transfer;

(b)     The date of the investment or monetary transfer;

(c)     The identity of all persons with knowledge regarding the investment or monetary transfer;

(d)     The manner of the investment or monetary transfer (i.e. check, money order, cash, wire transfer, etc.);

(e)     Whether you possess copies of checks, bank statements or any other documents referencing the investment or monetary transfer.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify and describe any investments or monetary transfers between you and any third party referring or relating to the Property, including:

(a)     The amount of the investment or monetary transfer;

(b)     The date of the investment or monetary transfer;

(c)     The identity of all persons with knowledge regarding the investment or monetary transfer;

(d)     The manner of the investment or monetary transfer (i.e. check, money order, cash, wire transfer, etc.);

(e)     Whether you possess copies of checks, bank statements or any other documents referencing the investment or monetary transfer.

**ANSWER:**