Cause No. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § § | AT LAW NUMBER SIX (6) |
| THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, and BANKIM BHATT | § § § § | |
| Defendants. | § § | EL PASO COUNTY, TEXAS |

## DEFENDANT SURESH KUMAR'S ORIGINAL ANSWER
## TO PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Suresh Kumar ("Kumar"), and files this, his Original Answer to Plaintiffs' First Amended Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

1.      Pursuant to his rights under Rule 92 of the Texas Rules of Civil Procedure, Kumar generally denies all material allegations made in the Plaintiffs' First Amended Petition, subject to and without waiving his right to raise further and more specific denials and defenses.

### DEFENSES

2.      Without waiving the foregoing General Denial in any way, Kumar also avers these additional defensive matters:

        a.      Kumar never obtained or derived any "finders fee", bonus, incentive payment

                or any other similar pecuniary benefit from or at the expense of any of the Plaintiffs.

3.      Kumar further denies that any act or omission of his was a proximate or producing cause of Plaintiffs' alleged harm; but rather the sole cause of any harm or damages claimed by Plaintiffs is the result of their own affirmative choices, their own omissions, their own judgment and decision making in entering into certain commercial transactions of their own choosing.

{11751.1/HDAV/06773955.1}

4.      Kumar specifically denies that he failed to disclose any fact material to any of the Plaintiffs' transactions, and denies he made any fraudulent statement or representation or engaged in any other similarly culpable conduce as to the matters raised in Plaintiffs' allegations.

5.      In addition, Kumar denies liability for any of Plaintiffs' claims that would give rise to the recovery of any compensatory or exemplary damages, attorneys' fees, costs or other recovery.

## AFFIRMATIVE DEFENSES

6.      In the alternative and without waiving any of the foregoing, Kumar makes the following averments.

7.      In the unlikely event that Plaintiffs establish they were actually damaged by the incidents and events alleged in their First Amended Petition, and in the even less likely event that Plaintiffs' damages did not accrue solely from their own conduct, acts, and omissions, then certain other persons or entities may have been a proximate or producing cause of the Plaintiffs damages, if any. Therefore, no cause of action or damages asserted by Plaintiffs were caused by this Defendant. This averment extends to the possibility of such effect by other parties to the suit, as well as persons or entities not currently joined in this matter.

8.      To the extent that any of the Plaintiffs, any Party, settling persons, and/or responsible third parties are liable and that such conduct was a proximate cause or contributing cause of the occurrence and any damages alleged, Defendant Kumar hereby invokes the doctrine of comparative fault under applicable law, and requests a determination of percentage of responsibility among such entities whose contributory conduct must be submitted to the jury for determination. Kumar pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code or other applicable law.

9.      As to Plaintiffs' vague and unsubstantiated claims for "exemplary damages", Kumar further raises all applicable defenses of substantive and procedural due process under the Texas &

United States Constitutions, and all limitations or caps on such damages based on such constitutional limitations and under the provisions of all applicable statutes, including Chapter 41 of the Texas Civil Practices & Remedies Code.

10.     Furthermore, there is no factual or legal basis to assert punitive or exemplary damages against Kumar and, therefore, the assertion of such damages or the attempt discuss factors pertaining to such matters before any jury or to proffer evidence of such factors relating to punitive or penal effects violates Kumar's rights to a fair jury trial under the Texas Constitution and under the Seventh Amendment of the United States Constitution, and other protections, including all due process provisions. The threat or imposition of punitive or exemplary damages against Kumar in the present case violates his rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well.

11.     Defendant Kumar further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

12.     Defendant Kumar, also avers that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if pleaded and found must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Ann. § 18.091(a).

13.     Defendant Kumar reserves the right to assert such other defenses to which he may be entitled, pursuant to his right to amend or supplement this Answer per the Texas Rules of Civil Procedure.

## **RECOVERY OF ATTORNEYS' FEES**

14.     As Plaintiffs have made a request for declaratory judgment, Kumar seeks the recovery of his reasonable and necessary attorneys' fees incurred in this matter.

{11751.1/HDAV/06773955.1}

## JURY DEMAND

15.    Defendant Kumar demands a trial by jury of 12 as to all issues triable by jury as a matter of right.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Suresh Kumar, prays for judgment in his favor and that he recover all costs, fees, expenses and such other and further relief to which he may be entitled at law or in equity.

Dated this _22__ day of September, 2020.

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 (Fax)
hdavis@eplawyers.com

By:_____
Harrel L. Davis III
State Bar No. 05567560
Attorney for Suresh Kumar

## CERTIFICATE OF SERVICE

_22__ In accordance with the Texas Rules of Civil Procedure, I hereby certify that on September _____, 2020, the foregoing document was electronically filed with the clerk of the court and a true and correct copy was electronically served on the parties/attorneys of record listed through the efile.txcourts.gov system.

_____
Harrel L. Davis III