El Paso County - County Court at Law 6                    21-03009-hcm Doc#1-56 Filed 05/03/21 Entered 05/03/21 19:21:25 Exhibit 10/26/2020 12:04 PM
5                                                      Filed 10/26/2020 12:04 PM
                                                       Norma Favela Barceleau
                                                       District Clerk
                                                       El Paso County
                                                       2020DCV0914

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI, | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, AND BANKIM BHATT, | § § § § § § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**PLAINITFFS' REPLY TO DEFENDANT BANKIM BHATT'S RESPONSE
TO PLAINTIFFS' MOTION TO QUASH NOTICES OF DEPOSITION
AND RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

Plaintiffs Westar Investors Group, LLC ("Westar"), Suhail Bawa ("Bawa") and Saleem Makani ("Makani") (collectively "Plaintiffs") file this reply to Defendant Bankim Bhatt's ("Bhatt") response to their motion to quash the notices of deposition of Suhail Bawa and Saleem Makani, and their response to Bhatt's motion to strike, which matter is set for hearing on October 28, 2020, and respectfully show the Court as follows.

1. As stated in their motion to quash filed on October 13, 2020, Bhatt served notices to take the depositions of Plaintiffs Bawa and Makani on November 18-19 or November 23-24 in person in El Paso, Texas.

2. While Bhatt had asked Plaintiffs for available dates for Bawa's and Makani's depositions, Plaintiffs had not yet been able to nail down available dates for their depositions. Instead of waiting for Plaintiffs to provide dates, Bhatt simply noticed Bawa's and Makani's depositions on the aforementioned dates, without ever inquiring from Plaintiffs as to whether those dates were available for the deponents or their counsel.

1

3. As stated in Plaintiffs' motion to quash, Bawa and Makani and their counsel are not available on the aforementioned dates.[1]

4. Plaintiffs have now provided to Bhatt alternate dates that Bawa and Makani and their counsel are available for deposition: January 13-14, 2021. To the extent Bhatt objects to the timing of these depositions, it should be noted that this case is not set for trial until July 19, 2021 and there is no upcoming discovery deadline. In fact, given the current COVID-19 pandemic, it is an almost certainty that this case will not be tried in July 2021.

5. Moreover, no other depositions have yet been taken in this case, and Plaintiffs have requested deposition dates for Bhatt and one of the other defendants, Michael Dixson. Bhatt has not provided dates for his deposition, and Dixson stated he will not be available until early 2021. So, it is likely these yet-to-be-scheduled depositions won't take place until early next year either. Thus, there simply is no reason why Bawa's and Makani's depositions must take place next month.

6. Furthermore, Bawa and Makani are the owners of several small businesses in the Dallas-Fort Worth area with a limited number of employees. They have had multiple issues with employees due to the COVID-19 pandemic which has mandated that they spend more hours than usual at those businesses. This will be further exacerbated by the upcoming holiday season starting just before Thanksgiving and continuing through the New Year, which is the busiest time of the year for them. Therefore, it will be very difficult for Bawa and Makani to set aside several days to prepare for and sit for depositions in the time proposed by Bhatt.

7. Bhatt also seeks to mandate that Bawa and Makani appear in person in El Paso for their depositions simply because the case happens to be pending in El Paso. However, there is no

---

[1] The undersigned counsel actually has a vacation letter on file for Nov. 23-24 for a previously paid-for family trip during the week of Thanksgiving.

2

Rule that mandates depositions always must be in the county in which the case is pending. This is particularly true given safety concerns due to the COVID-19 pandemic, which has given rise to the proliferation of depositions via Zoom or other video platform.

8. In particular, as stated in Plaintiffs' motion to quash, Bawa and Makani – who are of higher risk due to their age – should not have to undergo the risk of an in person deposition, which would necessitate not only that they sit in a room with all parties and their counsel for a full day deposition, but also to have to incur the risk of an airline flight across the State. Thus, Bawa's and Makani's depositions should be allowed to be taken via Zoom or other similar video conference platform.

9. Additionally, earlier today, one of the other Defendants, Suresh Kumar, filed a motion with the Court asking that the time limit for the depositions of Bawa and Makani be extended from 6 hours each, as proscribed by the Rules, to 12 hours each. This motion is not yet set for hearing and Plaintiffs will respond to it in due course. However, if the Court is inclined to grant the motion, this will make the scheduling of depositions for Bawa and Makani even more challenging as it will require them, their counsel, and the parties to identify four days to be set aside for their depositions instead of two.

10. In conclusion, Plaintiffs are not opposed to being deposed and will work with Bhatt, Kumar and the other defendants to schedule their depositions and the depositions of the other parties in this case without the need for Court intervention. However, they should not have to be deposed in person on the dates indicated in Bhatt's notices; thus, the notices should be quashed.

11. Finally, because Plaintiffs' motion to quash was fully justified, there is no basis for the award of attorney's fees to Bhatt.

## PRAYER

For these reasons, Plaintiffs respectfully move the Court to grant their motion to quash and deny Defendant's motion to strike, and for all other relief to which they are justly is entitled.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded in accordance with the Texas Rules of Civil Procedure to all counsel of record via the electronic filing system on the 26th day of October, 2020.

                                                     */s/ Eric C. Wood*
                                                   Eric C. Wood