El Paso County - County Court at Law 6    21-3009-hcm Doc#1-57 Filed 05/03/21 Entered 05/03/21 19:21:25 Exhibit 10/27/2020 10:37 AM
To 5
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0914

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, | § | IN THE COUNTY COURT |
| SUHAIL BAWA, AND SALEEM MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, | § | |
| AND BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**DEFENDANT BANKIM BHATT'S SUR-REPLY IN SUPPORT DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' MOTION TO QUASH NOTICES OF DEPOSITION AND JOINDER MOTION TO EXTEND THE TIME LIMIT OF DEPOSITIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, BANKIM BHATT, Defendant, by and through his counsel of record, and files his Sur-reply in support of his Motion to Strike Plaintiffs' Motion to Quash Defendant's Notices of Depositions, and would respectfully show the Court as follows:

1. Beginning in August of this year, the office of undersigned counsel made repeated requests for dates and acceptable arrangements for Plaintiffs' deposition (See Exhibit "A" attached to Defendant's filing of correspondence for requests dated August 28, 2020 and September 17, 2020). On October 8, 2020 and only after multiple requests went unanswered, this Defendant noticed the depositions of the two plaintiffs and included alternate dates in late November. This occurred more than 60 days after the first request for dates made in late August.

2. Then on October 13th Plaintiffs' counsel, again without seeking to confer with Defense counsel, Plaintiffs' counsel unilaterally filed his Motion to Quash Defendant's notices. This failure by Plaintiffs' counsel to confer with Defendant to attempt to resolve to resolve the dispute violates

the express requirements of Texas Rules of Civil Procedure 191.2. Then on October 12, 2020, Plaintiffs' counsel filed his vacation certificate covering one set of the alternate dates set in Defendant's notices (i.e., November 23rd – 27th, 2020.)

3. On October 14, 2020, Undersigned counsel, both called the office of opposing counsel and emailed Mr. Wood in an attempt to confer, again about arrangements for these essential depositions of Plaintiffs' Saleem Makani ("Makani"), Suhail Bawa ("Bawa") and for the corporate representative of Westwood Investment Group, LLC., (See attached as Exhibit "B"). Not only did Defense counsel reach out to Mr. Wood, but he offered specific modifications to the proposed arrangements, as well as his factual basis[1], in order to facilitate such depositions. *Id.*

4. On October 15, 2020, Plaintiffs' counsel responded by email but did not offer any alternate dates even though Defendants' initial request was had been pending since late August, and Defendants had frittered away about 6 weeks to identify and propose dates mutually agreeable to the various parties for these depositions of the Plaintiffs whose suit has been pending since March 10, 2020.

5. On October 26, 2020 (well after the Defense counsel was forced to respond to the unpredicted Motion to Quash), Plaintiffs' finally proposed alternate dates for January 13-14, 2021 but again limiting the procedure to a Zoom or other video platform. The Plaintiffs' offer makes no accommodation or proposal for handling the voluminous discovery records and deposition

---

[1] In this email, Bhatt's counsel explained that in-person depositions are required because of the large volume of documents that would be referenced in the case (in which Plaintiffs' allege "conspiracy" liability against Bhatt for purported statutory fraud). **It is undisputed that no less than 10,000 pages of records have been produced thus far by all parties, including many involving each of the Plaintiffs, as well as various versions of contracts signed by the Plaintiffs, in addition to communications authored and received by attorneys or other agents of the Plaintiffs. Many of these records will necessarily be the subject of detailed examination and follow up questioning directed to Makani & Bawa.** Further, in his email of this date, undersigned counsel offered to allow for an appropriate location in the Fort Worth area with social distancing capacity and other appropriate accommodations.

2

exhibits that will inevitably have to be handled and, in a limited video context, would almost curtained impinge on the customary 6-hourper witness time limit. In Plaintiffs' Reply to Defendant Bankim Bhatt's Response to Plaintiffs' Motion to Quash Notices of Deposition and Response to Defendant's Motion to Strike, paragraph 9, counsel is not agreeable to extend time limit for each witness and contends that depositions will present a challenge because they will require a second day even with accommodating a video platform. Defendant Bhatt agrees with co-defendant Kumar and joins his motion to extend.

6. Plaintiffs' counsel's conduct here clearly shows disregard for the normal and required procedures to schedule depositions and for the particular necessity to facilitate orderly examination of his clients as to scores, if not hundreds, of essential and relevant deposition exhibits. This appears to be calculated to delay the discovery process and to thwart the legitimate discovery objectives of the Defendant. This improper obstruction by counsel should not be allowed by the Court. Therefore, this honorable Court should enter an Order Striking the Plaintiffs' Motion to Quash Depositions, and should further order that Makani and Bawa appear for deposition at the office of undersigned counsel in Fort Worth Texas throughout the week of November 16, 2020, beginning at 10 a.m. Monday and through Noon on Friday November 20, 2020. The time limit for each of the three witnesses in question (Makani and Bawa, each individually, should be extended to no. less than a total of 24 hours in total). To do anything less would deny all defendants adequate access to these party witnesses for a sufficient deposition including a thorough review of relevant documents.

7. The parties *are* set for trial on July 19, 2021 and the Court has set Trial since August 13, 2020. Plaintiffs never had any valid reason to quash the depositions and Plaintiffs' counsel's inexcusably late proffer of proposed dates flouts the letter and the spirit of the rules of discovery,

and ignores the approach of anniversary dates affecting limitations as to potential counter claims. Such gamesmanship must not be allowed by this Court.

8. Defendant Bhatt would move that this Honorable Court strike Plaintiffs' motion to quash for failure to confer pursuant to the TRCP and have parties appear in-person within the venue of Plaintiffs' case at issue.

9. Plaintiffs' continued delay and additional work resulting through hearing of this matter, has cost Defendant Bhatt at least $3,500.00 in legal fees. Defendant respectfully requests this Court to Order Plaintiffs' to pay the costs of legal fees incurred by Defendant, Bhatt and reserves his right to proffer an appropriate proof of the amount of fees reasonably incurred at a time and manner convenient to the Court.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Bhatt requests that Plaintiffs' Motions to Quash be stricken, and that the Court order Plaintiffs' to appear for depositions at the time and in the manner indicated above. Additionally, Defendant request its attorney's fees, costs, and expenses, incurred as a result of Plaintiffs' failure to cooperated in scheduling these depositions and for the. Necessity to respond to this motion to quash, and for any further relief to which Plaintiff may be entitled.

        Respectfully submitted,

        **RAY | PENA | McCHRISTIAN, P.C.**
        5822 Cromo Dr.
        El Paso, Texas 79922
        (817) 832 7200- Phone
        (817) 832-7333- Fax
        jray@raylaw.com
        jlucky@raylaw.com

By:    */s/ Jeffrey T. Lucky*
        **JEFF RAY**
        State Bar No. 16604400
        **JEFFREY THOMAS LUCKY**
        State Bar No. 12667350

        *Attorneys for Defendant Bankim Bhatt, M.D.*

## **CERTIFICATE OF SERVICE**

    I certify that on October 27, 2020, the foregoing document was served via electronic service to all counsel of record pursuant to the Texas Rules of Civil Procedures.

        */s/ Jeffrey T. Lucky*
        **JEFFREY THOMAS LUCKY**