El Paso County - County Court at Law 6	2020DCV0914
21-30009-hcm Doc#1-58 Filed 05/03/21 Entered 05/03/21 19:21:25 Exhibit 58 Pg 1 of 5

Filed 10/28/2020 7:57 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0914

CAUSE NO. 2020DCV0914

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI, | § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § | AT LAW NO. 6 |
| THE GATEWAY VENTURES, LLC, PDG PRESTIGE, INC., MICHAEL DIXSON, SURESH KUMAR, AND BANKIM BHATT, | § § § § § § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**PLAINITFFS' OBJECTION TO DEFENDANTS BANKIM BHATT'S AND SURESH KUMAR'S MOTION TO EXTEND TIME LIMIT OF DEPOSITIONS**

Plaintiffs Westar Investors Group, LLC ("Westar"), Suhail Bawa ("Bawa") and Saleem Makani ("Makani") (collectively "Plaintiffs") file this objection to Defendants Bankim Bhatt's ("Bhatt") and Suresh Kumar's ("Kumar") motion to extend time limit of depositions.

1. As the Court is aware, there is a hearing set on October 28, 2020 on Plaintiffs' motion to quash the notices of deposition of Bawa and Makani, filed on October 13, 2020, and Bhatt's response and motion to strike same, filed on October 16, 2020. Plaintiffs filed their reply in support of their motion to quash and response to Bhatt's motion to strike on October 26, 2020.

2. That same day, October 26, 2020, Defendant Kumar filed a motion to extend time limit of depositions, in which he asks the Court to order that the time limit for the depositions of Bawa and Makani be extended from 6 hours each, as proscribed by Tex. R. Civ. P. 199.5(c), to 12 hours each ("Kumar's Motion to Extend").

3. <u>The filing of this Motion on October 26 was the first time Kumar – or any other party in this case – ever put Plaintiffs on notice that he intended for Bawa and Makani to be deposed for more time than what is mandated by the Texas Rules of Civil Procedure.</u>

1

4. No notice of hearing has been filed and served on the parties with respect to Kumar's Motion to Extend.

5. On October 27, 2020, Defendant Bhatt filed a joinder in Kumar's motion to extend time limit of depositions ("Bhatt's Motion to Extend"). In it, Bhatt asks the Court to not only order that Bawa and Makani sit for depositions as requested in his previously filed response to Plaintiffs' motion to quash, but that the Court order their depositions be extended to double the time limit in the Texas Rules of Civil Procedure – 12 hours each – and that the depositions take place every day for the entire week of November 16-20, 2020.

6. <u>The filing of Bhatt's Motion to Extend on October 27 was the first time Bhatt ever put Plaintiffs on notice that he intended for Bawa and Makani to be deposed for more time than what is mandated by the Texas Rules of Civil Procedure</u>.

7. No notice of hearing has been filed and served on the parties with respect to Bhatt's Motion to Extend.

8. However, based on the language of Bhatt's Motion to Extend, it appears he intends to ask the Court to consider and rule on said Motion at the previously scheduled hearing on Plaintiffs' motion to quash on October 28, 2020 – less than 24 hours after the filing of Bhatt's Motion to Extend.

9. Again, there has been no notice of hearing served with respect to Bhatt's Motion to Extend and Kumar's Motion to Extend as mandated by Texas Rule of Civil Procedure 21 and Local Rule 3.03(B) of the Court, and Plaintiffs thus object to the Court hearing, considering or ruling on Bhatt's Motion to Extend and Kumar's Motion to Extend at the October 28, 2020 hearing.

10. Plaintiffs further object to the Court hearing, considering, or ruling on Bhatt's Motion to Extend and Kumar's Motion to Extend at the October 28, 2020 hearing because Plaintiffs were not provided with at least three days' notice of hearing on same as mandated by TEX. R. CIV. P. 21(b), nor could they have been since both Motions were filed less than 3 days before the October 28, 2020 hearing.

11. Plaintiffs further object to the Court hearing, considering or ruling on Bhatt's Motion to Extend and Kumar's Motion to Extend at the October 28, 2020 hearing because Kumar and Bhatt failed to confer with Plaintiffs prior to filing the Motions or setting for hearing as required by TEX. R. CIV. P. 191.2 and Local Rule 3.03(A).

12. In fact, as stated above, the first time it was ever brought to Plaintiffs' attention that any party would want double the time proscribed in the Rules for each of Bawa's and Makani's depositions was in Kumar's Motion to Extend and Bhatt's Motion to Extend themselves – both of which were filed just hours ago without either party ever conferring with Plaintiffs as to whether they would agree to any extension of the time limit for these depositions.

13. In conclusion, Bhatt goes to great lengths in his pleadings to complain about Plaintiffs' alleged failure to confer with respect to Bawa's and Makani's depositions. However, Bhatt's behavior in trying to convince the Court to order on October 28 that Bawa's and Makani's deposition times be doubled without providing adequate notice to Plaintiffs or ever conferring with Plaintiffs is equally inappropriate, if not more so.

14. Accordingly, the Court cannot grant any relief sought in Bhatt's Motion to Extend and Kumar's Motion to Extend and should refuse to consider same at the October 28, 2020 hearing.

PRAYER

For these reasons, Plaintiffs object to Defendants Bankim Bhatt's and Suresh Kumar's motion to extend time limit of depositions and respectfully request that the Court not consider or rule on same, and for all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
8111 Preston Road, Suite 300
Dallas, Texas 75225
Phone: (214) 327-5000
Fax: (214) 327-5001
Email: eric@brownfoxlaw.com

ATTORNEYS FOR PLAINTIFFS
WESTAR INVESTORS GROUP, LLC
SUHAIL BAWA AND SALEEM MAKANI

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded in accordance with the Texas Rules of Civil Procedure to all counsel of record via the electronic filing system on the 28th day of October, 2020.

*/s/ Eric C. Wood*
Eric C. Wood