**The relief described hereinbelow is SO ORDERED.**

**Signed February 10, 2022.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | Case No. 21-30071-hcm |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| WESTAR INVESTORS GROUP, LLC, ET AL., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 21-03009-hcm |
| | § | |
| THE GATEWAY VENTURES, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING SURESH KUMAR'S MOTION FOR
CONTINUANCE AND AMENDING SCHEDULING ORDER**

On this day, came on to be considered the Motion by SURESH KUMAR, a Defendant in the above-referenced and styled adversary proceeding, for a continuance of the deadlines listed in the Court's November 9, 2021 Scheduling Order, and the Court, after considering the Motion finds that it is in order and should, in all things, be granted. It is therefore,

{11751.1/HDAV/06878114.1}

**ORDERED, ADJUDGED AND DECREED** that the Scheduling Order dated November 9, 2021 (Dkt #57) be amended, and that the following deadlines shall control this adversary proceeding:

1. By February 21, 2022, the parties shall submit motions with agreed orders of dismissal with respect to all claims, counterclaims, and crossclaims that have been settled or resolved by confirmation of the First Amended Plan of Reorganization As Modified ("Plan") of The Gateway Ventures, LLC.

2. By June 30, 2022, authorized representatives of all remaining parties and their respective counsel shall have conducted and completed an in-person mediation of any remaining claims, counterclaims, and crossclaims in this adversary proceeding ("Mediation") before a third-party mediator ("Mediator"). The parties may conduct the Mediation well in advance of this deadline and prior to discovery, if all parties agree to an early mediation. The identity of the Mediator shall be agreed upon by the parties, and in the absence of agreement, the Court will appoint a mediator upon motion by any party. The cost of the Mediation will be borne equally by all remaining parties, unless otherwise agreed by the remaining parties. If the parties desire Bankruptcy Judge Ronald B. King to serve as Mediator, the parties may file a motion with the Court to appoint Judge King as a judicial mediator. Promptly upon completion of the Mediation, the parties shall file a short notice with the Court advising whether the Mediation was successful.

3. All parties, beginning with the three Plaintiffs, shall make themselves available for deposition by April 21, 2022, unless otherwise agreed by all parties.

4. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before May 9, 2022. Any amendment or supplemental pleading filed within this time frame shall not require leave of Court.

5. Service of the disclosures required by Federal Rule of Civil Procedure 26(a)(1) is waived. Any discovery from the state court proceeding shall be considered as having requested

{11751.1/HDAV/06778114.1}

to or responded in this adversary proceeding. The parties have agreed to provide copies of all discovery served and/or produced to date among the parties to counsel for The Gateway Ventures, LLC and Michael Dixon.

6. The parties shall complete discovery on or before August 8, 2022. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances. Parties asserting claims for affirmative relief shall designate their experts and produce reports, if any, on or before June 7, 2022. Parties defending or resisting against said claims shall designate their experts and produce reports, if any, on or before July 7, 2022.

7. All dispositive motions shall be filed and served on all other parties on or before September 5, 2022 and shall be limited to 20 pages. See L. Rule 7007(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 20 pages. See L. Rule 7007(b)(2). Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. See L. Rule 7007(c).

8. Motions other than Rule 12 or 56 are governed by L. Rule 7007, 9013, and 9014, where applicable.

9. Docket call for trial is hereby set for set for **November 16, 2022 at 1:30 p.m. (MT)** by Webex. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

10. A proposed **JOINT** Pre-Trial Order is due within 7 days before docket call and separate proposed findings of fact and conclusions of law are due 7 days before docket call. See L. Rule 7016(c) and (d).

11. Exhibits and a witness list are to be exchanged five business days in advance of trial, unless otherwise ordered by the Court. See L. Rule 7016(g)(2). Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

12. Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

13. This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to discovery, the parties are directed to reach an agreement on production of ESI. The parties are encouraged to use the template developed by the Seventh Circuit Electronic Discovery Pilot Program.

14. Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address. The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding. This provision may be waived by the Court upon motion of counsel and service upon other parties.

15. All discovery must be commenced and completed by the discovery deadline provided in this Order.

    a. Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions,

        while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. § 1927, if a hearing is required thereon.

    b.    If applicable, parties may file dispositive motions under Fed. R. Bankr. P. 7012 & 7056 and Fed. R. Civ. P. 12(b) & 56. Such motions, if filed, must be filed by the deadline for dispositive motions in this Order. Responses to motions under FRBP 12 and 56 must be filed within 21 days after the Motion is filed. All other motions in this adversary proceeding, unless unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing.

    c.    All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline. E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail.

    d.    The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

16.    Counsel and unrepresented parties must confer prior to the date the proposed **JOINT** Pre-Trial Order is required to be filed, to fully explore the possibility of settlement, to

{11751.1/HDAV/06878114.1}

stipulate to matters not in dispute and to simplify the issues. The proposed **JOINT** Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre-trial conference with the Court, a pre-trial conference should be requested as early as possible, but at least 60 days prior to docket call for trial.

17. Docket call for trial is set on the docket call date provided in this Scheduling Order. The matters to be considered by the Court at docket call are as follows:

  a. Date, time, and place of trial following docket call.

  b. Properly and timely-filed motions for continuance or for default judgment.

  c. Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

  d. Settlement announcements.

**Failure to attend docket call may result in dismissal or rendition of final judgment.**

### # # #

**Order Prepared by:**
Harrel L. Davis
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa, Ste. 100
El Paso, Texas 79912
(915) 545-1133/(915) 545-4433 (Facsimile)
hdavis@eplawyers.com

{11751.1/HDAV/06878114.1}