**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC | § | CASE NO. 21-30071-hcm |
| | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| WESTAR INVESTORS GROUP, LLC, | § | |
| SUHAIL BAWA, AND SALEEM | § | |
| MAKANI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-03009-hcm |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | |
| PDG PRESTIGE, INC., MICHAEL | § | |
| DIXSON, SURESH KUMAR, AND | § | |
| BANKIM BHATT, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS AND COUNTER-DEFENDANTS'
ORIGINAL ANSWER TO BANKIM BHATT, M.D.'s COUNTER CLAIMS
AGAINST WESTAR INVESTOR'S GROUP, LLC, SUHAIL BAWA,
AND SALEEM MAKANI**

**COME NOW** Plaintiffs and Counter-Defendants WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA and SALEEM MAKANI (hereinafter jointly referred to as "WESTAR" and/or "Plaintiffs" and/or "Counter-Defendants") and hereby file this "Original Answer", in response to "Bankim Bhatt, M.D.'s Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani", as filed by Bankim Bhatt, M.D. ("BHATT" and/or "Defendant" and/or "Counter-Plaintiff"), and would respectfully show the Court as follows:

I. **ADMISSIONS & DENIALS.**

1. Counter-Defendants admit the allegations in paragraph number 1.

2. Counter-Defendants admit the allegations in paragraph number 2.

A. **FACTUAL BACKGROUND.**

3. Counter-Defendants admit the allegations in paragraph number 3.

4. Counter-Defendants admit the allegations in paragraph number 4, and clarify that on or around October 2018, BHATT and his partner, Defendant Suresh Kumar ("KUMAR"), approached Plaintiffs Suhail Bawa ("BAWA") and Saleem Makani ("MAKANI') about a possible project in El Paso, Texas to build a Marriott hotel. BAWA and MAKANI met with KUMAR and BHATT on or about November 19, 2018 to visit the hotel site.

5. Counter-Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 5, and clarify that at that time, BHATT represented that he already had the Marriott Element Hotel "flag" approved for this hotel site, which was to be approximately 2.4 acres. It was also represented to BAWA and MAKANI by KUMAR and BHATT that the developer for this site was Defendant Michael Dixson ("DIXSON"), and that he was developing the entire 20-acre tract where this project would be located. BAWA and MAKANI were told that the cost for the 2.4-acre parcel would be approximately $2.8 million. At that time, BAWA, MAKANI, KUMAR and BHATT agreed to be partners in the deal as follows: 35% for MAKANI, 35% for KUMAR, 15% for BAWA and 15% for BHATT.

6. Counter-Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 6, and clarify that unbeknownst to BAWA and MAKANI at the time, DIXSON was paying KUMAR and BHATT a substantial finder's fee for bringing BAWA and MAKANI into this project. Also unbeknownst to BAWA and MAKANI, KUMAR and

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm    Page 2 of 14

BHATT were gathering a separate group of investors to bid on a neighboring parcel on the same 20-acre tract to build a competing hotel.

7. Counter-Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 7, and clarify that based on KUMAR's and BHATT's representations, BAWA and MAKANI paid a down payment to DIXSON to secure the deal. On or about December 12, 2018, BAWA, MAKANI and KUMAR formed Plaintiff Westar Investors Group, LLC ("WESTAR") for the purpose of acquiring the above-referenced tract to develop the Marriott Element Hotel.

8. Counter-Defendants deny the allegations in paragraph 8, and clarify that while BHATT had been actively involved in the aforementioned deal, BHATT was not listed as a member in WESTAR in the formation documents at that time. However, BHATT remained actively involved. On or about December 14, 2018, DIXSON reached out to BHATT and KUMAR to notify them that he had two hotel sites on the aforementioned 20-acre parcel and that they would have the first option to purchase both. Again, this was completely unknown to BAWA and MAKANI.

9. Counter-Defendants deny the allegations in paragraph 9.

10. Counter-Defendants deny the allegations in paragraph 10, and clarify that WESTAR entered into a written Interest Subscription Agreement and Real Property Contract with Defendant The Gateway Ventures, LLC ("GATEWAY") and Defendant PDG Prestige, Inc. ("PRESTIGE"), both of which are wholly owned and managed by DIXSON, on December 17, 2018, as later restated and amended on April 2, 2019 (the "Agreement"). Under the Agreement, GATEWAY and PDG agreed to sell and transfer to WESTAR approximately 2.3 acres of land located on GATEWAY Blvd., El Paso, Texas, as reflected on the site plan attached to the

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                                  Page 3 of 14

Agreement as Exhibit A, for the purpose of constructing the aforementioned Marriott Element hotel (the "Element Hotel Parcel"), in exchange for a purchase price of $2.35 million (the "Purchase Price").

11. Counter-Defendants deny the allegations in paragraph 11, and clarify that on or about December 27, 2018, DIXSON contacted BHATT and KUMAR to provide them with a site plan for the entire 20-acre property, including both hotel sites, once more behind BAWA and MAKANI's backs. On January 1, 2019, a Company Agreement of WESTAR was prepared by KUMAR and BHATT, whereby BAWA, MAKANI and KUMAR were listed as members, and certain entities owned by BHATT were also listed as members of WESTAR. BAWA and MAKANI did not sign or agree to this Company Agreement, but it was signed by KUMAR.

12. Counter-Defendants deny the allegations in paragraph 12, and clarify that on February 1, 2019, an Operating Agreement was prepared for WESTAR, in which BHATT's entities were no longer listed as members of WESTAR. KUMAR and BHATT stated that BHATT should not be listed as a member; however, they represented that KUMAR would be giving BHATT a percentage of his ownership share in WESTAR. Accordingly, the Operating Agreement was signed by BAWA, MAKANI and KUMAR.

13. Counter-Defendants deny the allegations in paragraph 13, and clarify that BHATT remained actively involved in the deal throughout the spring of 2019, continuing to be in regular communication with DIXSON and KUMAR. Further, it was BHATT and KUMAR who paid the franchise fee and provided the requested paperwork to Marriott for the "flag" for the deal, including providing Marriott with the invalid January 1, 2019 WESTAR Company Agreement listing his entities as members, while knowing that they were not members by virtue of the February 1, 2019 WESTAR Operating Agreement. This led Marriott to question the

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm    Page 4 of 14

previous document that had been provided, namely the January 1, 2019 WESTAR Company Agreement listing different members. On or about July 10, 2019, KUMAR and BHATT inexplicably told Marriott that it should use the invalid January 1, 2019 WESTAR Company Agreement as the basis for issuing the license.

14. Counter-Defendants deny the allegations in paragraph 14, and clarify that Marriott continued to believe the foregoing until October 2019, when BHATT and KUMAR finally notified Marriott that the only members in the deal should be those listed on the February 1, 2019 WESTAR Operating Agreement, not the invalid January 1, 2019 WESTAR Company Agreement. BHATT finally signed a rescission of any interest he or any entity controlled by him had in WESTAR, but not until October 7, 2019. Before the end of 2019, WESTAR had fully paid the entire amount of the Purchase Price to GATEWAY and PDG. At around the same time, BAWA and MAKANI finally learned about the side project that KUMAR and BHATT had been leading since 2018 with a separate group of investors to close on a neighboring parcel of land out of the 20-acre tract that GATEWAY and PDG were developing (the "Side Project"), representing a gross conflict of interest by KUMAR and BHATT.

**B.     AGENCY & VICARIOUS LIABILITY.**

15. No response is required to paragraph number 15. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

16. No response is required to paragraph number 16  However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

17. No response is required to paragraph number 17. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

**C.     PIERCING THE CORPORATE VEIL.**

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                                    Page 5 of 14

18. No response is required to paragraph number 18. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

19. No response is required to paragraph number 19. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### D. JOINT & SEVERAL LIABILITY.

20. No response is required to paragraph number 20. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

21. No response is required to paragraph number 21. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### E. FIRST CAUSE OF ACTION - QUANTUM MERUIT.

22. No response is required to paragraph number 22. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

23. No response is required to paragraph number 23. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

24. No response is required to paragraph number 24. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### F. SECOND CAUSE OF ACTION – COMMON LAW FRAUD.

25. No response is required to paragraph number 25. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

26. No response is required to paragraph number 26. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

27. No response is required to paragraph number 27. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm  Page 6 of 14

28. No response is required to paragraph number 28. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### G. THIRD CAUSE OF ACTION – FRAUD BY NON-DISCLOSURE.

29. No response is required to paragraph number 29. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

30. No response is required to paragraph number 30. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### H. FOURTH CAUSE OF ACTION – PROMISSORY ESTOPPEL.

31. No response is required to paragraph number 31. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

32. No response is required to paragraph number 32. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### I. ATTORNEY'S FEES.

33. No response is required to paragraph number 33. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

34. No response is required to paragraph number 34. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### J. DAMAGES.

35. No response is required to paragraph number 35. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

### K. SUPPLEMENTAL DEFENSIVE ALLEGATIONS.

36. No response is required to paragraph number 36. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7 of 14

37. No response is required to paragraph number 37. However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

**L. JURY DEMAND.**

37.(sic) No response is required to paragraph number 37 (sic). However, to the extent a response is required, Counter-Defendants deny the allegations in said paragraph.

## II. AFFIRMATIVE DEFENSES.

38. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because the doctrine of unclean hands bars Counter-Plaintiff's recovery.

39. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff's own acts or omissions proximately caused or contributed to Counter-Plaintiff's alleged injury.

40. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff's suit is an attempt to enforce an unenforceable oral contract that does not comply with the statute of frauds.

41. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff complains about a matter that involved a transaction governed by the terms of a valid express contract.

42. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff ratified Counter-Defendants' alleged acts.

43. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff waived the claim for fraud.

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                                  Page 8 of 14

44. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff had knowledge of the alleged falsity of the representation(s) when Counter-Plaintiff entered into the agreement.

45. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff had knowledge of the alleged concealed facts when Counter-Plaintiff entered into the agreement.

46. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is estopped from pursuing the claim due to his own actions and inactions.

47. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is estopped from pursuing the claim because of his false representations and concealments.

48. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is estopped from pursuing the claim because Counter-Plaintiff intended for Counter-Defendant to act without knowledge of the false and/or concealed fact.

49. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is estopped from pursuing the claim because Counter-Defendant neither knew nor had the means of knowing the real facts.

50. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is estopped from pursuing the claim because Counter-Defendant substantially, reasonably, and detrimentally relied on Counter-Plaintiff's false representations and concealments.

51. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff assumed the risk.

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                Page 9 of 14

52. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff was contributorily negligent.

53. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because there was a failure of consideration.

54. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff's fraud.

55. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff's illegality.

56. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because of laches.

57. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because Counter-Plaintiff is not entitled to exemplary damages for a claim based on constructive fraud.

58. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because if Counter-Defendants are found liable for exemplary damages, those damages must be capped under the Texas Damages Act and the Due Process Clauses of the United States and Texas Constitutions.

59. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because if Counter-Defendants are found liable for damages, Counter-Defendants intend to seek a reduction of damages as an offset.

60. Counter-Defendants are not liable to Counter-Plaintiff as alleged, because if Counter-Defendants are found liable for damages, Counter-Defendants intend to seek a reduction of damages under the proportionate-responsibility statute.

61. Counter-Defendants further plead that any award of prejudgment interest must be

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                   Page 10 of 14

governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

62. Counter-Defendants further plead that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if pleaded and found must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Ann. § 18.091(a)..

### III.  RESERVATION OF RIGHTS.

63. Counter-Defendants reserve the right to assert such other defenses to which they may be entitled, pursuant to their right to amend or supplement this Answer per the Federal Rules of Civil Procedure.

64. Counter-Defendants reserve their rights to seek recovery of the reasonable and necessary attorney's fees incurred hereby, pursuant to the Federal Rules of Civil Procedure and the applicable local rules.

### IV.  PRAYER.

**WHEREFORE, ALL PREMISES CONSIDERED**, and for the foregoing stated reasons, Plaintiffs and Counter-Defendants herein pray that the Court to enter judgment that take nothing, dismiss Counter-Plaintiff's suit with prejudice, assess costs against Counter-Plaintiff, and award Plaintiffs and Counter-Defendants all other relief the Court deems appropriate, including but not limited to (a) reasonable and necessary attorney's fees, (b) pre-judgment interest at the rate of five percent (5%) per annum, or at the highest rate allowed by law, (c) post-judgment interest at the rate of five percent (5%) per annum, or at the highest rate allowed by law, (d) costs of suit; and (e) such other and further relief to which Plaintiffs may show themselves justly entitled.

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                                          Page 11 of 14

February 28, 2022          Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**
A Professional Corporation
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400

Attorney for WESTAR INVESTORS GROUP, LLC, SUHAIL BAWA, and SALEEM MAKANI

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm     Page 12 of 14

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2022, a true and correct copy of the foregoing **ORIGINAL ANSWER TO BANKIM BHATT, M.D.'S COUNTER CLAIMS AGAINST WESTAR INVESTOR'S GROUP, LLC, SUHAIL BAWA, AND SALEEM MAKANI** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to all creditors listed on the Debtors' creditor's matrix, and to the following parties in interest:

Jeffrey Thomas Lucky
Jeff Ray
Aldo Lopez
Ray Pena McChristian, P.C.
5822 Cromo Dr.
El Paso, TX 79922
jlucky@raylaw.com
jray@raylaw.com
alopez@raylaw.com

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
25 Greenway Plaza, #2050
Houston, TX 77046
Email: jcarruth@wkpz.com

Harrel L. Davis III
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa Street
El Paso, Texas 79912
Email: hdavis@eplawyers.com

David P. Lutz
MARTIN & LUTZ, P.C.
P.O. Drawer 1837
Las Cruces, New Mexico 88004
Email: dplutz@qwestoffice.net
Attorney for Michael DIXSON

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm                                                                                                          Page 13 of 14

**ATTORNEY FOR PLAINTIFFS:**
Eric C. Wood
Brown Fox, PLLC
5550 Granite Parkway, Suite 175
Plano, TX 75024
Email: eric@brownfoxlaw.com

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Original Answer To Bankim Bhatt, M.D.'S Counter Claims Against Westar Investor's Group, LLC, Suhail Bawa, And Saleem Makani
*Westar Investors Group, Inc., et al. vs. The Gateway Ventures, LLC, et al.*
Adversary Case No. 21-03009-hcm    Page 14 of 14