

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GATEWAY VENTURES, LLC, | § | Case No. 21-30071-hcm |
| | § | Chapter 11 |
|     Debtor. | § | |
| | § | |
| WESTAR INVESTORS GROUP, LLC, ET AL., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 21-03009-hcm |
| | § | |
| THE GATEWAY VENTURES, LLC, ET AL., | § | |
| | § | |
|     Defendants. | § | |

**SURESH KUMAR'S MOTION FOR PARTIAL DISMISSAL, WITH PREJUDICE,
OF CLAIMS BY AND BETWEEN SURESH KUMAR,
THE GATEWAY VENTURES, LLC AND PDG PRESTIGE, INC.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW SURESH KUMAR ("Kumar") by and through his counsel of record and files

this his Motion for Partial Dismissal, With Prejudice, of Claims By and Between Suresh Kumar, The

Gateway Ventures, LLC and PDG Prestige, Inc., and in support thereof would respectfully show the

Court as follows:

1.    The Debtor in the underlying bankruptcy case and a Defendant and Cross-

Plaintiff/Cross-Defendant herein is The Gateway Ventures, LLC (hereinafter "TGV" or the

"Debtor").

2.    Kumar is a creditor of TGV pursuant to the claims described in a prepetition lawsuit

styled *Westar Investors Group, LLC, Suhail Bawa and Saleem Makani, Plaintiffs v. The Gateway*

*Ventures, LLC, PDG Prestige, Inc., Michael Dixson, Suresh Kumar and Bankim Bhatt, Defendants;*

Cause No. 2020DCV0914 (the "Westar Lawsuit"). The Westar Lawsuit was removed to this Court on May 3, 2021 and assigned Adversary Proceeding Number 21-03009.

3.      On July 21, 2021, Plaintiffs herein filed their Second Amended Complaint (Dkt #21).

4.      On August 10, 2021, Kumar filed his Answer to the Second Amended Complaint and his Amended Counterclaim and Cross-Claim (Dkt #22) asserting cross claims against TGV, PDG Prestige, Inc. ("PDPG") and Michael Dixson.

5.      On August 11, 2021, TGV, PDGP and Michael Dixson filed their Answer to the Second Amended Complaint which included TGV's Counterclaims against the Plaintiffs and Cross Claims against Defendants Kumar and Bankim Bhatt (Dkt #25). PDGP and Michael Dixson have not asserted any claims against Kumar.

6.      In its Cross Claims, TGV alleges that Kumar tortiously interfered with TGV's ability to obtain a Marriott flag and breached the Agreement giving rise to TGV's causes of action for attorneys' fees and exemplary damages.

7.      Kumar filed his Proof of Claim No. 2 in the amount of $1,087,750.00 in TGV's Chapter 11 case on April 15, 2021.

8.      On July 23, 2021, TGV filed its Objection to Claim #2 of Suresh Kumar (Dkt # 124, Cause No. 21-30071).

9.      On September 16, 2021, an Agreed Order Regarding Debtor's Objection to Claim No. 2 of Suresh Kumar was entered by this Court (Dkt # 199, Cause No. 21-30071) (the "Agreed Order"). Kumar, individually, was allowed a general unsecured claim against the estate in the amount of $164,250.00. Further, the Agreed Order stated that it would have no impact on Kumar's claim for $863,500.00 that is part of his investment in Westar Investors Group, LLC.

10.     Kumar's claim is addressed in §5.6.4 of the First Amended Plan of Reorganization as Modified of The Gateway Ventures LLC Dated October 14, 2021 (Dkt # 245, Cause No. 21-30071) and in the Order (I) Approving First Amended Disclosure Statement in Support of Plan of

Reorganization of The Gateway Ventures, LLC Dated September 1, 2021 and (II) Confirming Amended Plan of Reorganization as Modified of The Gateway Ventures LLC Dated October 14, 2021 (Dkt #246, Case No. 21-30071) (the "Confirmation Order").

11.     TGV's Plan only reserves claims against the "Westar Parties" which are defined as Westar Investors Group, LLC, Suhail Bawa and Saleem Makani (*See* §5.8.1 of the TGV's First Amended Plan of Reorganization as Modified of The Gateway Ventures LLC Dated October 14, 2021 (Dkt # 245, Cause No. 21-30071). Nowhere in TGV's Plan or Disclosure Statement does TGV reserve or even mention any claims against Kumar, individually.

12.     TGV filed its Notice of Effective Date of Confirmed Plan of Reorganization on October 18, 2021 (Dkt # 251, Cause No. 21-30071).

13.     PDGP, also a Chapter 11 Debtor, filed its First Amended Plan of Reorganization dated January 17, 2022 (Dkt # 110, Cause No. 21-30107) and its First Amended Disclosure Statement in Support of First Amended Plan of Reorganization dated January 17, 2022 (Dkt # 111, Cause No. 21-30107).

14.     Similar to TGV's Plan and Disclosure Statement, PDGP's Plan and Disclosure Statement do not reserve or even mention any claims against Kumar. In fact, the pending PDGP Disclosure Statement represents to the Court and its creditors that the TGV Plan resolved the Westar Adversary Proceeding.

15.     Kumar now asks the Court to dismiss all of Kumar's cross claims against Defendants TGV and PDG Prestige, Inc. only and all of Defendant TGV's cross claims against Kumar, with prejudice.

16.     TGV settled its claim dispute with Kumar. By definition, no claims remain between the parties.

17.    In settling with Kumar and enticing him to remove his objection to TGV's Plan and to vote for its Plan, TGV did not inform Kumar that it was going to continue to sue him in this Adversary Proceeding.

18.    TGV's claims are barred by the doctrine of judicial estoppel.  *See Browning Manufacturing v. Mims (In re Costal Plains Inc.)*, 179 F.3d 197 (5th Cir. 1999).

19.    A confirmation order, like any final order, has preclusive effect and bars any claims that could have been brought before confirmation. This includes claims that could have been brought *by the debtor* prior to confirmation, such as avoidance claims. Absent preservation, the plan and confirmation order will become *res judicata* as to all such claims. *See*, *e.g.*, *Fleet Nat'l Bank v. Gray (In re Bankvest Cap. Corp.)*, 375 F.3d 51 (1st Cir. 2004); *Elk Horn Coal Co. v. Conveyor Mfg. & Supply, Inc. (In re Pen Holdings, Inc.)*, 316 B.R. 495 (Bankr. M.D. Tenn. 2004).

20.    When a chapter 11 plan is confirmed, the debtor loses its debtor-in-possession status and with it, standing to pursue the estate's claims. *See*, *e.g.*, *MPF Corp. v. Anderson (In re MPF Holdings US LLC)*, 701 F.3d 449, 453 (5th Cir. 2012). If the debtor takes no action to preserve estate claims in the plan, then the debtor or its postconfirmation representative will lack the ability to assert the claims. *See generally* Roye Zur, Preserving Estate Causes of Action for Post-Confirmation Litigation, 32 CAL. BANKR. J. 427, 427 (2013) (collecting cases).

WHEREFORE, PREMISES CONSIDERED, SURESH KUMAR respectfully requests the Court enter an order that all of KUMAR'S cross claims against Defendants TGV and PDG Prestige, Inc. only be dismissed with prejudice and all of Defendant TGV's cross claims against KUMAR be dismissed with prejudice and for such other further relief as he may be entitled.

DATED the 7th day of March, 2022.

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas  79912
(915) 545-1133
(915) 545-4433 (Fax)


By: ___*/s/ Harrel L. Davis*_____
    Harrel L. Davis III
    State Bar No. 05567560
    hdavis@eplawyers.com
    *Attorney for Suresh Kumar*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of March, 2022, a true and correct copy of the above and foregoing was served upon the attached list of parties via electronic means as listed on the court's CM/ECF noticing system or by regular first-class mail:

Eric C. Wood
Brown Fox, PLLC
5550 Granite Parkway, Suite 175
Plano, Texas 75024
eric@brownfoxlaw.com

Jeffrey Thomas Lucky
Jeff Ray
Aldo Lopez
Ray Pena McChristian, P.C.
5822 Cromo Dr.
El Paso, Texas 79922
jlucky@raylaw.com
jray@raylaw.com
alopez@raylaw.com

David P. Lutz
Martin & Lutz, P.C.
P.O. Drawer 1837
Las Cruces, New Mexico 88004
dplutz@qwestoffice.net

Michael R. Nevarez
THE NEVAREZ LAW FIRM, PC
P.O. Box 12247
El Paso, Texas 79913
MNevarez@LawOfficesMRN.com

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76105
jcarruth@wkpz.com

    */s/ Harrel L. Davis*_____
    Harrel L. Davis