**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: § § THE GATEWAY VENTURES, LLC, § § § § Debtor. § | | CASE NO 21-30071-hcm Chapter 11 |
| § WESTAR INVESTORS GROUP, LLC, § SUHAIL BAWA and SALEEM MAKANI, § § Plaintiffs, § § V § § THE GATEWAY VENTURES, LLC, PDG § PRESTIGE, INC., MICHAEL DIXSON, § SURESH KUMAR, and BANKIM § BHATT, § § Defendants § | | Adversary No. 21-03009-hcm |

**THE GATEWAY VENTURES, LLC'S RESPONSE AND OBJECTION TO SURESH KUMAR'S MOTION FOR PARTIAL DISMISSAL, WITH PREJUDICE, OF CLAIMS BY AND BETWEEN SURESH KUMAR, THE GATEWAY VENTURES, LLC AND PDG PRESTIGE, INC. (RE: DOCKET NO. 72)**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

The Gateway Ventures, LLC ("TGV") files this response to *Suresh Kumar's Motion for Partial Dismissal, With Prejudice, of Claims by and between Suresh Kumar, The Gateway Ventures, LLC, and PDG Prestige, Inc.* (Docket No. 72) (the "Motion") filed here by Suresh Kuamr ("Kumar"), and would respectfully show to the Court the following.

### INTRODUCTION

1. TGV objects to the dismissal of any claims of TGV against Kumar.

2. The resolution of the Kumar proof of claim in the TGV plan addressed only the funds that Kumar did or did not put into Westar transaction, and the resulting resolution of the proof of claim provided a net number for the amount of funds that could not be accounted among or within the consideration of Westar under the Subscription Agreement.

3. The claims of TGV (and similarly those of PDPG and/or Dixson individually) against Kumar relate to the process and timing of events *before* Westar, Bawa, Makani, and/or Kumar assembled the funds required under the Subscription Agreement and what damages all four (4) of those parties caused to TGV and/or others by failing to meet financing commitments and thereby causing one or more closings of the 20-acre tract (the "Subject Property" discussed throughout the TGV main case) to be delayed and/or forfeited.

4. The only release provision in the final version of the confirmed Plan addresses the releases between Westar-Bawa-Makani on one side and TGV-PDGP-Dixson on the other side. The final confirmed plan (and even the dialogue on the record about what claims were being resolved) did not include a release of the TGV adversary proceeding claims against Kumar.

5. The "Westar Parties" and "Westar Litigation Parties" were separate definitions in the different iterations of the plan and disclosure statement. A slight difference in definition was necessary because Kumar fell into a different camp and obviously had separate counsel from the Westar group itself.

6. The basis and reasons for dismissal alluded to by Kumar apply more aptly to future litigation to be freshly launched by a reorganized debtor or other successor to the debtor in possession, and not to litigation that is pending, proceeding, and evolving during the course of a Chapter 11 case. The plan and/or disclosure statement are consistent with this on-going, live-fire situation by referencing the pleadings and scheduling order in this adversary proceeding.

7. In any event based upon the paryer in the Motion, Kumar seeks only the dismissal of claims made by TGV to date, and not the dismissal of claims made or to be made by any other party.

8. TGV notes that the parties have scheduled a global mediation for May 4, 2022.

9. TGV would request that any determination of this Motion be made following a hearing with argument of the parties.

## **RESPONSE TO PARTICULAR ALLEGATIONS IN THE MOTION**

10. TGV admits Paragraph No. 1 of the Motion.

11. TGV admits in part and denies in part Paragraph No. 2 of the Motion. Kumar filed a proof of claim which was addressed in the confirmed Plan, and whether Kumar is a net creditor after setoff is yet to be determined.

12. TGV admits Paragraph No. 3 of the Motion.

13. TGV admits Paragraph No. 4 of the Motion.

14. TGV admits Paragraph No. 5 of the Motion.

15. TGV admits in part and denies in part Paragraph No. 6 of the Motion. TGV admits that TGV asserts a cross-claim against Kumar in Docket No. 25, however, the allegations of such claims are spelled out more thoroughly in such pleading, and this Paragraph is denied to the extent that the Motion is inconsistent with such pleading.

16. TGV admits Paragraph No. 7 of the Motion.

17. TGV admits Paragraph No. 8 of the Motion.

18. TGV admits in part and denies Paragraph No. 9 of the Motion. TGV denies this Paragraph only to the extent that the Motion differs from the underlying, referenced orders.

19. TGV admits Paragraph No. 10 of the Motion.

20. TGV denies Paragraph No. 11 of the Motion. As discussed in further detail below, the various iterations of the Disclosure Statement and Plan plainly reserve the claims of TGV against Kumar especially considering that the particular action in question was pending and actively in litigation during the underlying bankruptcy case and/or plan process.

21. TGV admits Paragraph No. 12 of the Motion.

22. TGV admits in part and denies in part Paragraph No. 13 of the Motion. Various amendments and/or supplements to the PDGP plan have been filed and/or may be filed.

23. TGV denies Paragraph No. 14 of the Motion. To the contrary, the PDGP plan, disclosure statement, and/or supplement to the PDGP reserve the remaining claims that still exist as to Kumar and Bhatt. Consistent with the TGV confirmed plan, the only mutually released parties are TGV-PDGP-Dixson on one side and Westar-Bawa-Makani on the other.

24. TGV admits in part and denies Paragraph No. 15 of the Motion. The dismissal of Kumar's claims against TGV and PDPG is appropriate since the same proof of claim of Kuamr was filed in both main Chapter 11 cases, and such claim was resolved by the final confirmed Plan in the TGV case. As explained throughout this objection and response, TGV's claims against Kumar should not be dismissed.

25. TGV denies Paragraph No. 16 of the Motion. TGV settled only its proof of claim with Kumar, not the claims of TGV or anyone else against Kumar. The only result is that the net funds that Kumar invested into the project separate from the funds provided to Westar was determined, and nothing else.

26. TGV denies Paragraph No. 17 of the Motion. The claims of TGV against Kumar focus on how and when Kumar contributed funds to TGV and the delays and damages that results from Kumar's activities which delayed the closing of various transactions of TGV. The Kumar

proof of claim, filed in the original amount of $1,087,750.00, by contrast focused on the funds that Kumar contributed or did not contribute to the Westar acquisition of Lot 7. The net allowed amount of the Kumar proof of claim and resulting promissory note required under the confirmed Plain in the amount of $164,250.00 reflected the funds transferred by Kumar that, for one reason or another, were not considered part of the Westar funds for application under the Subscription Agreement. The Kumar unsecured claim and note of $164,250.00 was not an adjudication of the claims of TGV or any other party against Kumar — no such language appears in the confirmed Plan or otherwise in this adversary proceeding.

27. TGV denies Paragraph No. 18 of the Motion.

28. TGV denies Paragraph No. 19 of the Motion.

29. TGV denies Paragraph No. 20 of the Motion.

## ARGUMENTS AND AUTHORITIES

### *The claims versus Suresh Kumar were properly preserved and TGV possesses standing.*

30. For a debtor to have standing to pursue a claim the estate owned before it was dissolved, the debtor must have expressly retained the right to pursue such action. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011). The reservation must have been made in the plan and/or the disclosure statement. *Id.* At 551 ("[…] courts may consult the disclosure statement in addition to the plan to determine whether a post-confirmation debtor has standing"); *In re Diabetes Am., Inc.*, 485 B.R. 340, 343 (Bankr. S.D. Tex. 2012) ("[…] the claim must have been properly retained in the confirmed plan or disclosure statement"). While a blanket reservation of "any and all claims" is not enough, "a reservation of claims is effective if it identifies the nature of the claims reserved and the class of potential defendants against whom those claims might be pursued – a precise identification of each individual potential defendant is unnecessary." *Rossco*

*Holdings, Inc. v. McConnell*, 613 Fed. Appx. 302, 307 (5th Cir. 2015) (citing *In re Texas Wyoming Drilling, Inc.*, 647 F.3d at 549, 551-52).

31. TGV properly and repeatedly reserved its claims against Kumar in its *Plan of Reorganization of the Gateway Ventures LLC dated July 14, 2021* (the "Plan") (Case No. 21-30071, Docket No. 101) and in its *Disclosure Statement in Support of Plan of Reorganization of the Gateway Ventures LLC dated July 14, 2021* (the "Disclosure Statement") (Case No. 21-30071, Docket No. 102) and continuing on in the various amendments and subsequent iterations of each of the Plan and Disclosure Statement.

32. The Disclosure Statement identifies the nature of the claims reserved: dispute over the characterization and use of certain funds provided by the Westar Investor Group, LLC to TGV and in internal disputes among the individuals who contributed the funds to Westar. Moreover, the Plan makes explicit reference to the pleadings and scheduling order in the Westar Lawsuit (as defined therein) including the scheduling order by which pleadings could be amended. As of the filing of this objection, the deadline to further amend pleadings is May 9, 2022 and thus still lies in the future.

> 3.4.2. *Events during and information relating to this Bankruptcy Case:* The entirety of the events that have occurred during this Chapter 11 case may be found on docket sheet of this case available at the Court or through the PACER website of the Court, https://ecf.txwb.uscourts.gov/. A portion of the Docket showing significant events of this case is attached hereto as **Exhibit TGV301**.[2] Any of the documents on file in this case may be obtained by contacting the undersigned law firm or are available at the following shared folder link shown in the footnote below and selecting the folder for this case.[3]
>
> On or about May 2, 2021, the Westar Parties removed Cause No. 2020DCV0914, *Westar Investors Group, LLC, Suhail Bawa and Saleem Makani vs. The Gateway Ventures, LLC, PDG Prestige, Inc., Michael Dixson, Suresh Kumar, and Bankim Bhatt* to this case and this Court where it was assigned Adversary Proceeding No. 21, 03009 (the "Westar Lawsuit"). ==In short, the Westar Lawsuit involves a dispute over the characterization and use of certain funds provided by Westar Investors Group, LLC to TGV and then internal disputes among the individuals who contributed the funds to Westar.== NOTHING CONTAINED IN THE DISCLOSURE STATEMENT OR PLAN SHOULD BE READ TO CONTRADICT THE PLEADINGS OF TGV, PDG PRESTIGE, INC., AND/OR MICHAEL DIXSON ON FILE IN THE WESTAR ADVERSARY PROCEEDING.

*See* Disclosure Statement, Case No. 21-30071, Docket No. 102, at 4-5.

33. TGV further reserved its claims against Kumar and the other Westar Litigation Parties elsewhere in the Disclosure Statement.

> 3.4.3. *Projected Recovery of Avoidable Transfers and other claims and causes of action of the estate.* TGV possesses a potential avoidance action claims against the Westar Parties under Chapter 5 of the Code or as otherwise pled or to be pled in the Westar Adversary. TGV otherwise possesses cross-claims and/or counterclaims (including potential setoffs and other rights remedies and/or defenses with respect to each of the Westar Litigation Parties to be articulated in accordance with the applicable scheduling orders in the Westar Lawsuit) which may be asserted against one or more of the Westar Parties in the Westar Lawsuit). Otherwise, and excluding any objections to claims and any related set offs, TGV does not believe that it possesses and therefore does not intend to prosecute any other avoidance actions or any other lawsuits under Code §§544, 547, 548, 549, and/or 550.

*See* Disclosure Statement, Case No. 21-30071, Docket No. 102, at 6.

34. The Plan originally identifies the class of potentials defendants against whom the claims might be pursued and the nature and scope of such claims and/or the manner in which such claims would be presented.

> 3.4.1. *Events Leading to Chapter 11 Filing.* This Chapter 11 case was commenced by a voluntary petition filed on February 5, 2021 (the "Petition Date"). **Previous efforts to develop and/or sell the Subject Property were thwarted in 2019–2020 prior to the Petition Date as a result of various litigation commenced against TGV by the Westar Investors Group, LLC, Saleem Makani, and Suhail Bawa (collectively, the "Westar Parties") and/or the Noorani Parties.** TGV then commenced this case in order to stay the foreclosure of the Subject Property by HD Lending LLC and to address the impediments caused by the other parties to the development of the Subject Property.

*See* Plan, Case No. 21-30071, Docket No. 101, at p. 4.

35. The Plan identifies Kumar as a defendant among the Westar Litigation Parties against whom claims may be pursued, and again referred any reader of the Plan to the pleadings on file and/or to be filed in the future in the Westar Lawsuit.

> 5.8.1. **Identity of Claims in Class:** The group referred to in Class 8 as the "Westar Litigation Parties" consists of Westar Investors Group LLC, Saleem Makani, Suhail Bawa, Suresh Kumar, and Bankin Bhatt, and who are the opponents of TGV in the Westar Lawsuit (which is described in the §3.3.5 of the Disclosure Statement). Each of the Westar Litigation Parties has filed a proof of claim, to which claims TGV has objected (and requested that such objections be consolidated with the Westar Lawsuit). Generally speaking, one or more of the claims filed by the Westar Litigation Parties overlap with one another and/or reflect claims made between or against one or more of the other Westar Litigation Parties. NOTHING CONTAINED IN THE DISCLOSURE STATEMENT OR PLAN SHOULD BE READ TO CONTRADICT THE PLEADINGS OF TGV, PDG PRESTIGE, INC., AND/OR MICHAEL DIXSON ON FILE IN THE WESTAR LAWSUIT.

*See* Plan, Case No. 21-30071, Docket No. 101, at 6.

36. The *First Amended Disclosure Statement in Support of Plan of Reorganization of the Gateway Ventures LLC dated September 1, 2021* (the "First Amended Disclosure Statement") (Case 21-30071, Docket No. 155) again identifies the class of potential defendants against whom the claims might be pursued.

> 3.4. **Significant events before and during the Chapter 11 case.**
>
> 3.4.1. *Events Leading to Chapter 11 Filing.* This Chapter 11 case was commenced by a voluntary petition filed on February 5, 2021 (the "Petition Date"). Previous efforts to develop and/or sell the Subject Property were thwarted in 2019–2020 prior to the Petition Date as a result of various litigation commenced against TGV by the Westar Investors Group, LLC, Saleem Makani, and Suhail Bawa (collectively, the "Westar Parties") and/or the Noorani Parties. TGV then commenced this case in order to stay the foreclosure of the Subject Property by HD Lending LLC and to address the impediments caused by the other parties to the development of the Subject Property.

*See* First Amended Disclosure Statement, Case 21-30071, Docket No. 155, at 4.

37. The First Amended Disclosure Statement again identifies the nature of the claims reserved.

> 3.4.2. *Events during and information relating to this Bankruptcy Case:* The entirety of the events that have occurred during this Chapter 11 case may be found on docket sheet of this case available at the Court or through the PACER website of the Court, https://ecf.txwb.uscourts.gov/. A portion of the Docket showing significant events of this case is attached hereto as **Exhibit TGV301**.[2] Any of the documents on file in this case may be obtained by contacting the undersigned law firm or are available at the following shared folder link shown in the footnote below and selecting the folder for this case.[3]
>
> On or about May 2, 2021, the Westar Parties removed Cause No. 2020DCV0914, *Westar Investors Group, LLC, Suhail Bawa and Saleem Makani vs. The Gateway Ventures, LLC, PDG Prestige, Inc., Michael Dixson, Suresh Kumar, and Bankim Bhatt* to this case and this Court where it was assigned Adversary Proceeding No. 21, 03009 (the "Westar Lawsuit"). ==In short, the Westar Lawsuit involves a dispute over the characterization and use of certain funds provided by Westar Investors Group, LLC to TGV and then internal disputes among the individuals who contributed the funds to Westar.== NOTHING CONTAINED IN THE DISCLOSURE STATEMENT OR PLAN SHOULD BE READ TO CONTRADICT THE PLEADINGS OF TGV, PDG PRESTIGE, INC., AND/OR MICHAEL DIXSON ON FILE IN THE WESTAR ADVERSARY PROCEEDING.

*See* First Amended Disclosure Statement, Case 21-30071, Docket No. 155, at 4-5.

38. TGV again properly reserved its claims against Kumar in the First Amended Disclosure Statement.

> 3.4.3. *Projected Recovery of Avoidable Transfers and other claims and causes of action of the estate.* ==TGV possesses a potential avoidance action claims against the Westar Parties under Chapter 5 of the Code or as otherwise pled or to be pled in the Westar Adversary. TGV otherwise possesses cross-claims and/or counterclaims (including potential setoffs and other rights remedies and/or defenses with respect to each of the Westar Litigation Parties to be articulated in accordance with the applicable scheduling orders in the Westar Lawsuit) which may be asserted against one or more of the Westar Parties in the Westar Lawsuit).== Otherwise, and excluding any objections to claims and any related set offs, TGV does not believe that it possesses and therefore does not intend to prosecute any other avoidance actions or any other lawsuits under Code §§544, 547, 548, 549, and/or 550.

*See* First Amended Disclosure Statement, Case 21-30071, Docket No. 155, at 6.

39. *The First Amended Plan of Reorganization of the Gateway Ventures LLC dated September 1, 2021* (the "First Amended Plan") (Case 21-30071, Docket No. 156) again identifies Kumar as a defendant against whom the claims shall be pursued.

> 5.8. **Class 8 — Westar Litigation Parties.**
>
> 5.8.1. Identity of Claims in Class: The group referred to in Class 8 as the "Westar Litigation Parties" consists of Westar Investors Group LLC, Saleem Makani, Suhail Bawa, Suresh Kumar, and Bankin Bhatt, and who are the opponents of TGV in the Westar Lawsuit (which is described in the §3.3.5 of the Disclosure Statement). Each of the Westar Litigation Parties has filed a proof of claim, to which claims TGV has objected (and requested that such objections be consolidated with the Westar Lawsuit). Generally speaking, one or more of the claims filed by the Westar Litigation Parties overlap with one another and/or reflect claims made between or against one or more of the other Westar Litigation Parties. NOTHING CONTAINED IN THE DISCLOSURE STATEMENT OR PLAN SHOULD BE READ TO CONTRADICT THE PLEADINGS OF TGV, PDG PRESTIGE, INC., AND/OR MICHAEL DIXSON ON FILE IN THE WESTAR LAWSUIT.

*See* First Amended Plan, Case 21-30071, Docket No. 156, at 7-8.

40. The *First Amended Plan of Reorganization as Modified of the Gateway Ventures LLC dated October 14, 2021* (the "Modified Plan") (Case 21-30071, Docket No. 245) reserves TGV's claims against Kumar and does not diminish any of the prior pleadings and/or reservations. The language pertaining to Kumar makes no mention of the resolution of any of TGV's or any other parties' claims against Kumar expressed in the adversary proceeding in direct contrast to the express resolution of the adversary proceeding claims with respect to Westar-Bawa-Makani.

> 5.6.3. **Voting.** Class 6 is impaired and may vote for or against the Plan.
>
> 5.6.4. Class 6 also includes the general unsecured claim of Suresh Kumar in the final allowed amount of $164,250.00 (the "Kumar Class 6 Claim."). In full and complete satisfaction of the Kumar Class 6 Claim, the reorganized TGV shall execute and delivery a Promissory Note in the amount of the Kumar Class 6 Claim, bearing simple interest at the rate of five percent (5.00%) per annum, with the note maturing on the one-year anniversary of the Effective Date of the Plan. Michael Dixson individually will personally guaranty the Promissory Note to Kumar. The final form of the Promissory Note and the Guaranty of Michael Dixson, both executed by Mr. Dixson pending confirmation of the Plan, are attached hereto **Exhibit TGV404** and **Exhibit TGV405**.
>
> 5.6.5. The objection of TGV (Docket No. 124) to the proof of claim of Kumar (Claim No. 2) and the motion to estimate filed by Kumar (Docket No.139) are resolved by this new Section 5.6.4, and the claim objection and motion to estimate are resolved by separate agreed orders submitted by Kumar and TGV and entered or to be entered by the Court at Docket Nos. 197 and 199.

*See* Modified Plan, Case 21-30071, Docket No. 245, at 7-8.

41. The Modified Plan in Section 5.8.1 makes no mention of Kumar with respect to what claims are resolved, and Plan §5.8 expressly and only identifies Westar, Bawa, and Makani.

> 5.8.1. **Identity of Claims in Class:** The group referred to in Class 8 as the "**Westar Litigation Parties**" consists of Westar Investors Group LLC ("Westar"), Saleem Makani ("Makani"), and Suhail Bawa ("Bawa") and who are the opponents of TGV in the Westar Lawsuit (which is described in the §3.3.5 of the Disclosure Statement). Each of the Westar Litigation Parties has filed a proof of claim, to which claims TGV has objected (and requested that such objections be consolidated with the Westar Lawsuit). This Plan §5.8 resolves the proof of claim filed by Westar and secondarily resolves the proof of claim of each of Bawa and Makani to the extent not already resolved by other order of the Court.

*See* Modified Plan, Case 21-30071, Docket No. 245, at 8.

42. The Modified Plan further expressly omitted Kumar from any release provisions — only Westar-Bawa-Makani released TGV-PDGP, and Dixson and vice versa.

> (5) TGV, PDG Prestige, Inc., and Michael Dixson release all claims and causes of action against Westar, Bawa, and Makani, and Westar, Bawa, and Makani release all claims and causes of action TGV, PDG Prestige, Inc., and Michael Dixson, a "complete walk away" from all prior claims and controversies. All that remains will be the obligations set forth in the Plan including particularly this Plan § 5.8.2.
>
> Promptly following the entry of the Confirmation Order, TGV, PDG Prestige, Inc., and Michael Dixson, Westar, Bawa, and Makani will exchange separate release documents and will dismiss their respective claims WITH PREJUDICE in the Westar Lawsuit.

*See* Modified Plan, Case 21-30071, Docket No. 245, at 9.

43. The final version of the Modified Plan should also be considered in the context of the status of the proceedings around the time of the filing of the Modified Plan. The entire controversy existing at that point in time was the resolution of the continuing objections and other motion practice of Westar-Bawa-Makani, and not of Kumar. The various settlement components and language changes in the final version of the Plan should not negate the extensive, documented history of TGV preserving in the prior iterations of the Disclosure Statement and Plan all of such claims for final resolution in the already pending adversary proceeding, i.e. the "Westar Lawsuit."

44. In the context of the purpose of the entire disclosure and claim retention regime, the main purpose is to give notice to parties who are deciding whether or not to vote for the plan but who might face future litigation by a reorganized debtor or successor. Aside from specific

resolutions detailed in a plan or disclosure statement, such pleadings should not negate the live pleadings of the parties and potential future amendments for litigation that is pending and moving along during the plan process, especially when the Plan makes specific reference to and reservation regarding such adversary proceeding as is the case throughout this Plan. In fact, the suggestions by TGV to abate the adversary proceeding were rebuffed or not advanced by the other parties. In any event, the Plan and Disclosure Statement specifically refer to and reserve claims in this adversary proceeding, none of which is a surprise to anyone involved.

45. Accordingly, the Disclosure Statement and Plan throughout retain the claims and causes of action of TGV against each of Westar, Bawa, Makani, and Kumar until the final act in which a global settlement was reached with *only* Westar, Bawa, and Makani, but which express release provisions omitted Kumar.

### *Judicial estoppel does not apply.*

46. Judicial estopple does not require the dismissal of TGV's claims against Kumar.

47. Federal law applies when judicial estoppel is raised in the context of a bankruptcy case. *Brown Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999). The doctrine of estoppel "can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 628 (5th Cir. 2018) (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)). The doctrine of judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently. *Id.*

48. Judicial estoppel does not apply because TGV has not asserted a position plainly inconsistent with a prior position. TGV's current position that Kumar failed to close on financing and/or purchase transaction which in turn prevented the closing of other financing for the

acquisition of the Subject Property and, ultimately, increased the acquisition costs and/or financing expenses of the acquisition of the Subject Property is not inconsistent with any of TGV's prior positions. TGV further reserve the right to amend and/or supplemt those claims based upon the scheduling order in the adversary proceeding.

49. The resolution of Kumar's proof of claim only fixed the amount of funds Kumar contributed to which bucket — Westar or something else — and not the extent to which TGV or any other party may recover damages and setoff against the final allowed amount.

50. Otherwise, any other reading of the final Modified Plan that might arguably release Kumar should be considered to be inadvertent taking into account that the final Modified Plan addressed the resolution of the Westar-Bawa-Makani dispute and not the separate and distinct Kumar dispute.

### *Res judicata does not apply.*

51. Res judicata similarly does not apply.

52. A confirmed plan is binding upon all parties and all questions that could have been raised pertaining to such plan are res judicata. *In re Howe*, 913 F.2d 1138, 1143 (5th Cir. 1990). Res judicata requires that: "(1) the parties be identical in both suits, (2) a court of competent jurisdiction rendered the prior judgment, (3) there was a final judgment on the merits in the previous decision, and (4) the plaintiff raises the same cause of action or claim in both suits." *Id.* at 1143-44. To determine whether the two suits involve the same cause of action or claims, the Fifth Circuit applies the transactional test to determine whether the two suits are based on the same nucleus of operative facts. *BVS Constr., Inc. v. Prosperity Bank (In re BVS Constr., Inc.)*, 18 F.4th 169,174 (5th Cir. 2021). The court must "look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks v. Federal Deposit Ins. Corp.*, 977 F.2d 166, 171 (5th Cir. 1992).

53. The proof of claim focused on certain funds transferred to TGV, PDGP, and/or Dixson that were not included within and were separate form the Westar payment for Lot 7. The reason why the proof of claim was allowed at all was the fact that the funds were determined to have been received and used outside of the Westar consideration.

54. On the other hand, the claims asserted by TGV and/or the other parties against Kumar in the adversary proceeding (aside and apart from the claims of the PDGP and/or Dixson) focus on, *inter alia*, the instances when Kumar and others failed to close on financing and/or purchase transactions which in turn prevented the closing of other financing for the acquisition of the Subject Property and ultimately increased the acquisition cost and/or financing expense related to the Subject Property.

55. The funds that were left outside the final Westar investment allocation and thus which made up the proof of claim again are different than the causes of action for breach of contract, etc. related to the timing of the providing of the funds before the $2.3 million was amassed in Westar.

56. Furthermore, in a bankruptcy case, "a bankruptcy court order's confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes." *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 170 (5th Cir. 1992). However, a judgment that "expressly leaves open the opportunity to bring a second action on specified parts of the claim or cause of action that was advanced in the first action should be effective to forestall preclusion." *In re Texas Wyoming Drilling, Inc.*, 647 F.3d at 553 (quoting *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 712 (5th Cir. 2005)). Thus, res judicata does not apply where a claim is expressly reserved in the confirmed plan and its associated disclosure statement. *See Id*.

57. As stated above, TGV properly reserved its claim against Kumar through its Plan and Disclosure Statement continuing on in the various amendments and subsequent iterations of each of the plan and disclosure statement and further reserving the rights to further address such claims over the nature course of the adversary proceeding. Thus, res judicata does not apply.

### *Collateral estoppel does not apply.*

58. Likewise, collateral estoppel would not apply.

59. For collateral estoppel to apply, the Fifth Circuit requires: (1) that the issue under consideration is identical to the issue previously litigated, (2) that the issue was fully and vigorously litigated in the primary proceeding, (3) that the previous determination of the issue was necessary for the judgment in that proceeding, and (4) that no special circumstances exist that would render preclusion inappropriate or unfair. *See In re Hunt*, 605 B.R. 758, 711 (Bankr. N.D. Tex. 2019), *In re Parkway Sales & Leasing, Inc.*, 411 B.R. 337, 348 (Bankr. E.D. Tex. 2009).

60. Collateral estoppel does not apply to the current case because the issue under consideration is not identical to the issue previously litigated, and the issue was not fully and vigorously litigated in the primary proceeding. The facts and issues surrounding Kumar's involvement in the acquisition of the Subject Property and the resulting liability related thereto are yet to be determined.

WHEREFORE, The Gateway Ventures, LLC respectfully requests that the Court set this matter for hearing and deny to the Motion to the extent that the Motion seeks to dismiss any claim of TGV. TGV respectfully requests such other and further relief to which it is entitled at law or in equity.

Dated: March 21, 2022　　　　　Respectfully submitted,

          WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

        By: */s/ Jeff Carruth*
          JEFF CARRUTH
          State Bar No. 24001846
          3030 Matlock Rd., Suite 201
          Arlington, Texas 76015
          Phone: (817) 795-5046
          Facsimile: (866) 666-5322
          jcarruth@wkpz.com

         ATTORNEYS FOR
         THE GATEWAY VENTURES LLC
         AND
         PDG PRESTIGE, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served upon all registered ECF users in this case on March 21, 2022 as shown it the list below.

*/s/ Jeff Carruth*
One of Counsel

**21-03009-hcm Notice will be electronically mailed to:**

Jeff Carruth on behalf of Cross Defendant PDG Prestige, Inc.
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Jeff Carruth on behalf of Cross Defendant The Gateway Ventures, LLC
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Harrel L. Davis, III on behalf of Defendant Suresh Kumar
hdavis@eplawyers.com, vrust@eplawyers.com;vpena@eplawyers.com

Aldo R Lopez on behalf of Defendant Bankim Bhatt
alopez@raylaw.com, syoder@raylaw.com

Michael R. Nevarez on behalf of Plaintiff Westar Investors Group, LLC
MNevarez@LawOfficesMRN.com, MRN4Bankruptcy@gmail.com

Eric Charles Wood on behalf of Plaintiff Westar Investors Group, LLC
eric@brownfoxlaw.com, tracy@brownfoxlaw.com

Eric Charles Wood on behalf of Plaintiff Saleem Makani
eric@brownfoxlaw.com, tracy@brownfoxlaw.com

Eric Charles Wood on behalf of Plaintiff Suhail Bawa
eric@brownfoxlaw.com, tracy@brownfoxlaw.com